# EX PARTE METROPOLITAN WATER COMPANY OF WEST VIRGINIA

No. 19, Original.  Argued April 24, 1911.—Decided May 15, 1911.

The provisions of § 17 of the act of June 18, 1910, c. 309, 36 Stat. 557, in regard to interlocutory injunctions to restrain the enforcement of state statutes on the ground of unconstitutionality, relate to the hearing of the application, and a single judge has no jurisdiction to hear and deny such an application.  He must, prior to the hearing, call to his assistance two other judges, as required by the act.

A single justice or judge who, without calling to his assistance two other judges as required by § 17 of the act of June 18, 1910, c. 309, 36 Stat. 557, denies an application for injunction in a case specified in said act, on the ground that the state statute involved is constitutional, acts without jurisdiction, and the order is void.

Where no appeal is given by statute, mandamus is the proper remedy, *Ex parte Harding*, 219 U. S. 363; and so held as to an order made by a single judge denying a motion for injunction in a case specified in § 17 of the act of June 18, 1910, c. 309, 36 Stat. 557, the statute only providing for appeals from orders made after hearing by three judges.

THE facts, which involve the construction of § 17 of the Act of June 18, 1910, c. 309, 36 Stat. 539, 557, in regard to the practice to be pursued in courts of the United States in a case where an interlocutory injunction is applied for to restrain the enforcement, operation or execution of a state statute by restraining the action of any officer of the State, are stated in the opinion.

*Mr. Willard P. Hall*, with whom *Mr. C. F. Hutchings* and *Mr. O. L. Miller* were on the brief, for petitioner.

*Mr. Lewis W. Keplinger*, with whom *Mr. Charles W. Trickett* was on the brief, for respondents and Kaw Valley Drainage District.

MR. CHIEF JUSTICE WHITE delivered the opinion of
the court.

This is a proceeding in mandamus, in which relief is
sought against a district judge. acting in a certain cause
as a circuit judge for the district of Kansas, and also
against the Circuit Court of the United States for the
district of Kansas. To a rule to show cause a return has
been filed and the Kaw Valley Drainage District of Wy-
andotte County, Kansas, has also, by leave, answered the
rule. The matter is now for decision upon a motion to
make the rule absolute.

Summarily stated, the facts bearing upon the issue to be
decided are as follows:

By § 17 of the act of June 18, 1910, ch. 309; 36 Stat.
539, 557, creating the Commerce Court and amending the
act to regulate commerce, provision was made as to the
practice to be pursued in courts of the United States in
cases where an interlocutory injunction is applied for to re-
strain the enforcement, operation or execution of any stat-
ute of a State by restraining the action of any officer of
such State in the enforcement or execution of such statute.

While proceedings, originally instituted in a state court
of Kansas to condemn lands of the Water Company and
others for the purpose of widening the Kansas River, were
pending on appeal in the Circuit Court of Appeals for the
Eighth Circuit, the legislature of Kansas, on January 28,
1911, enacted a statute which, in effect, authorized a sum-
mary appropriation of the lands affected by the pending
condemnation suits, and directed the bringing by the
Attorney General of the State of an action, after such ap-
propriation had been consummated, against the owners of
the lands appropriated "to determine the ownership of the
property and to assess the value thereof and other dam-
ages for the taking of such portions of it as may belong to
parties other than the public." By § 6 it was provided,

among other things, that upon a failure to satisfy the judgment rendered "the rights of the State to such land shall be divested and the possession thereof shall revert to the former adjudicated owners, in which event compensation shall be awarded for any loss or damage occasioned by the temporary appropriation, and that the court shall render judgment therefor. . . ." A few days after the passage of this statute the petitioner, a West Virginia corporation, commenced a suit in the Circuit Court of the United States for the district of Kansas against the Kaw Valley Drainage District of Wyandotte County, Kansas, and the individuals composing the board of directors of said drainage district, all averred to be citizens and residents of the district where the suit was brought. The bill prayed relief by injunction, temporary and permanent, restraining the defendants from a threatened taking possession of the lands of the petitioner under the act of January 28, 1911, upon the ground that the statute was repugnant to the Constitution of the United States. Thereafter, on February 8, 1911, District Judge McPherson, acting as circuit judge, issued a restraining order in the cause. The attention of the judge was called by the defendants to the provisions of § 17 of the act of Congress heretofore referred to, and request was made that two other judges, one of whom should be a circuit judge or a justice of the Supreme Court, should be called to assist in the hearing and determination of an application which was pending for a temporary injunction. It was, however, ruled that the provisions of such section merely deprived a single judge of the power to grant a temporary injunction, and that a court might be held by one judge for the purpose of decreeing the assailed statute to be constitutional and refusing to enjoin its enforcement. The court then heard argument, Judge McPherson alone sitting, upon the constitutionality of the Kansas statute. At the close of the hearing, counsel for the Water Company made the objection theretofore

urged by opposing counsel that the matter could only be disposed of by a court consisting of three judges, constituted as provided in the statute. Judge McPherson adhered, however, to his former ruling, and on March 6, 1911, a decree was entered vacating the temporary restraining order and denying a temporary injunction. This application for a writ of mandamus was then made.

The right to relief is based upon the contention that by virtue of the act of Congress a single judge was without jurisdiction to hear and determine the application for a temporary injunction. The prayer is that an order or rule be issued commanding the annulment and setting aside of the order of March 6, 1911, vacating the restraining order and denying the application for an injunction, and directing that the application for a temporary injunction be heard anew before a court consisting of three judges, in conformity to the act of Congress.

The question for decision is whether, pursuant to the act of Congress referred to, the Circuit Court composed only of one judge had power to hear and determine the application for a temporary injunction in the cause pending in the Circuit Court of Kansas. The legislation to be. considered is § 17 of the Act of June 18, 1910, ch. 309, 36 Stat. 539, 557, reading as follows:

"That no interlocutory injunction suspending or restraining the enforcement, operation, or execution of any statute of a State by restraining the action of any officer of such State in the enforcement or execution of such statute shall be issued or granted by any justice of the Supreme Court, or by any Circuit Court of the United States, or by any judge thereof, or by any district judge acting as circuit judge, upon the ground of the unconstitutionality of such statute, unless the application for the same shall be presented to a justice of the Supreme Court of the United States, or to a Circuit judge, or to a district judge acting as circuit judge, and shall be heard and determined by

three judges, of whom at least one shall be a justice of the Supreme Court of the United States or a circuit judge, and the other two may be either circuit or district judges, and unless a majority of said three judges shall concur in granting such application. Whenever such application as aforesaid is presented to a justice of the Supreme Court of the United States, or to a judge, he shall immediately call to his assistance to hear and determine the application two other judges: *Provided, however*, That one of such three judges shall be a justice of the Supreme Court of the United States or a circuit judge. Said application shall not be heard or determined before at least five days' notice of the hearing has been given to the governor and to the attorney general of the State, and to such other persons as may be defendants in the suit: *Provided*, That if of opinion that irreparable loss or damage would result to the complainant unless a temporary restraining order is granted, any justice of the Supreme Court of the United States, or any circuit or district judge, may grant such temporary restraining order at any time before such hearing and determination of the application for an interlocutory injunction, but such temporary restraining order shall only remain in force until the hearing and determination of the application for an interlocutory injunction upon notice as aforesaid. The hearing upon such application for an interlocutory injunction shall be given precedence and shall be in every way expedited and be assigned for a hearing at the earliest practicable day after the expiration of the notice hereinbefore provided for. An appeal may be taken directly to the Supreme Court of the United States from the order granting or denying, after notice and hearing, an interlocutory injunction in such case."

In the opinion delivered by the court below in passing upon the question of the proper construction of the foregoing section the nature of the suit brought by

the Water Company was thus concisely and accurately stated:

"That these proceedings are for the purpose by injunction of restraining the enforcement of the state statute, I have no doubt. It is alleged that such state statute is absolutely void as being in conflict with both the state and National constitutions. The prayers are in effect that the statute be decreed void. Neither have I any doubt that the action is to restrain the action of an officer of the State of Kansas, namely, the Governor. This is so because the state statute in question provides that when the Governor issues his proclamation, which he has done, he shall at once take possession of the property either in person, or he may designate the officers of the drainage board to take such possession for him and in his name, but such officers of the drainage board to act as agents of the Governor. Therefore, I am of the opinion that the congressional statute is directly involved. And the question remains, shall this court now halt these proceedings, or shall other judges be called in to take control of the cases."

The suit being of the nature just stated, we are of opinion that the provisions of the act of Congress which are relied upon applied to the case, and that as a result of their application it imperatively follows that the hearing and determination of the request for a temporary injunction should have been had before a court consisting of three judges constituted in the mode specified in the statute.

We say the hearing should have been had as just stated because it results from the text of the applicable section of the act that limitations are unequivocally imposed upon the power of the single justice or judge to act in the character of case to which the provision refers. They are, a, to receive an application for an interlocutory injunction in the character of case stated in the section; b, within the period specified in the section to grant a temporary restraining order "if of opinion that irreparable loss or damage would

result to the complainant unless a temporary restraining order is granted;" and, *c*, to "immediately call to his assistance to hear and determine the application (for an interlocutory injunction) two other judges." It is to the hearing thus provided for that the notice must relate which is to be given to the Governor and to the Attorney General of the State and "such other persons as may be defendants in the suit." It is the hearing before the court thus constituted, also that is required to be expedited; and the appeal authorized by the section to be taken directly to this court "from the order granting or denying, after notice and hearing, an interlocutory injunction" is manifestly an appeal from the expedited hearing had before the court consisting of three judges. We find no expression of or implication anywhere in the section justifying the assumption that there was an intention on the part of Congress that the single justice or judge to whom the application for the interlocutory injunction should be presented need not call to his assistance two other judges to pass upon the application, in the event that he was of opinion that the claim of the unconstitutionality of the statute was untenable. On the contrary, the statute evidences the purpose of Congress that the application for the interlocutory injunction should be heard before the enlarged court, whether the claim of unconstitutionality be or be not meritorious, as the appeal allowed to this court is from an order denying as well as from an order granting an injunction.

Congress having declared that the merits of the application for an interlocutory injunction, such as that applied for in the case with which we are concerned, should be considered and determined by a tribunal consisting of three judges constituted as provided in the act, it results that a tribunal not so constituted did not possess jurisdiction over the subject-matter of the right to such injunction. It follows, therefore, that in hearing and determining the application for the temporary injunction the single judge

acted without jurisdiction, and that the order entered by him on March 6, 1911, vacating the restraining order theretofore issued and denying the application for an injunction was void. This being the case, it necessarily follows that mandamus is the proper remedy, since the section made no provision for an appeal from an order made by a single judge denying an interlocutory injunction, and a right of appeal is not otherwise given by statute. *Ex parte Harding*, 219 U. S. 363. While these considerations dispose of the case, we briefly advert to an insistence made in argument that we should now take jurisdiction of the merits of the case as made in the Circuit Court and determine whether or not the bill stated a case entitling to relief. Not being vested with original jurisdiction to pass upon the question of the validity of the Kansas statute, and the petitioner being entitled as of right to have the controversy as to the constitutionality of the statute presented by its bill of complaint passed upon by a tribunal having such original jurisdiction, it follows that we do not possess a discretion to grant or refuse the writ, dependent upon our conception as to whether the Kansas statute is or is not constitutional.

The rule issued on April 10, 1911, must be made absolute, and an order will be entered that a writ of mandamus issue directing the Honorable Smith McPherson, as acting circuit judge of the United States for the District of Kansas, and the Circuit Court of the United States for the District of Kansas, to annul and set aside the order of March 6, 1911, vacating the restraining order theretofore issued on February 8, 1911, and denying the application for injunction, and that said judge or such other judge of the said Circuit Court as may hear and determine the application for an interlocutory injunction call to his assistance two other judges, as provided by § 17 of chapter 309 of the act of Congress approved June 18, 1910.

*Rule to show cause made absolute.*