## SEABOARD AIR LINE RY. v. RAILROAD COMMISSION OF GEORGIA et al.

### (District Court, N. D. Georgia. May 15, 1913.)

RAILROADS (§ 9*)—POWERS OF STATE COMMISSION—REQUIRING PHYSICAL CONNECTION BETWEEN LINES—REVIEW OF ORDER.

A state railroad commission having the right to require a physical connection made between two railroad lines, if such an order is fair and reasonable, its enforcement cannot be enjoined by the courts; and the fact that it will cause some small loss to one of the roads at first is not sufficient to establish its unreasonableness.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 12–19; Dec. Dig. § 9.*]

In Equity. Suit by the Seaboard Air Line Railway against the Railroad Commission of Georgia and others. Decree for defendants.

W. G. Loving and Watkins & Latimer, all of Atlanta, Ga., for complainant.

Hines & Jordan, of Atlanta, Ga., for defendant.

NEWMAN, District Judge. The Railroad Commission of Georgia, on the 12th day of July, 1912, passed an order requiring the Seaboard Air Line Railway and the Lawrenceville Banch Railroad, within four months, to make and maintain a physical connection at Lawrenceville, Ga. The Commission did not fix the specific place for the connection, nor did it prescribe who should pay therefor; but it expressed the opinion that the expenses of construction and maintenance should be borne equally by the two railroads.

This suit is brought to enjoin the enforcement of this order. It is conceded by counsel that this is not a case coming within section 266 of the new Judicial Code (Act March 3, 1911, c. 331, 36 Stat. 1162 [U. S. Comp. St. Supp. 1911, p. 236]), amended by the act of March 12, 1913, requiring three judges, and no attack whatever is made upon the constitutionality of the act of the Legislature of Georgia authorizing the Railroad Commission of Georgia to require physical connections between railroads. Code Ga. 1910, § 2664. This Code section is taken from the act of August 22, 1907. Laws Ga. 1907, p. 76, § 7.

The right of state railroad commissions to require such physical connection has been fully sustained by the Supreme Court of the United States in Wisconsin, etc., R. Co. v. Jacobson, 179 U. S. 287, 301, 21 Sup. Ct. 115, 45 L. Ed. 194, and in State of Washington ex rel. Oregon R. & Nav. Co. v. Fairchild, 224 U. S. 510, 32 Sup. Ct. 535, 56 L. Ed. 863. In the latter case the right of the railroad to appeal to the

courts is also fully recognized and sustained; this right having been also recognized in the Jacobson Case.

Considerable evidence has been offered on the hearing here as to the necessity. for this connection, particularly as to the necessity for it with reference to the transportation of freight, and more especially with reference to the transportation of freight in car load lots. This evidence does not show that the Seaboard Air Line Railway would be benefited by this connection; indeed, it may be admitted that it comes very near showing the contrary, as to immediate results, at least. The fact, however, that the Seaboard Air Line Railway would suffer some small loss by reason of this connection at first is no reason why the order is not valid. Atlantic Coast Line R. Co. v. North Carolina Corporation Commission, 206 U. S. 1, 27 Sup. Ct. 585, 51 L. Ed. 933, 11 Ann. Cas. 398.

Admitting that the Commission can make orders that are fair and reasonable in character, it should appear satisfactorily here, in this de novo investigation and application for an injunction, that the order of the Commission is not reasonable in character under all the circumstances shown in the matter. The Seaboard Air Line Railway contends here that to enforce the order of the Commission would require quite a large expenditure, something like $10,000, while the Commission has put in evidence a plan by which it is claimed the connection can be made for something like $1,800, under $2,000 anyhow. I am satisfied from statements of counsel made in the case that the Commission is perfectly satisfied with this connection last named. Counsel for the Commission has stated in open court that the Commission would not ask this connection to be made if it required the expenditure of anywhere near $10,000, but claims that the work can be done and the connection made for a much smaller amount. I have no doubt, from what appears here, that if the Seaboard Air Line Railway will appear before the Railroad Commission a proper arrangement will be made for making the connection at a very reasonable expense.

It is unnecessary to go extensively into the evidence adduced here. I do not think that the complainant has shown, even as to the matter of carriage of freight, that the order of the Commission is so unreasonable as to justify interference by this court. It seems that until recently the road from Lawrenceville, on the Seaboard Air Line Railway, to Sewanee, on the Southern Railway, was a narrow-gauge road, but that it has now been widened to the standard gauge of both the Southern and Seaboard main lines. This being true, it seems to me that, upon the face of the whole matter, there should be some physical connection between these two roads. The public interests may at any time be such as to require the taking of trains over this line, which necessity may arise from various causes which may well be anticipated.

Counsel for the railroad contend that this court would have no right to consider any other grounds for sustaining this order of the Commission than those upon which the Commission acted. Of course, it is a de novo investigation, and this matter appears upon the very face of the proceeding. This Lawrenceville Branch Railroad, from Sewanee, on the Southern, to Lawrenceville, on the Seaboard, being now

of standard gauge, enters the city of Lawrenceville, and, although the two roads enter the same town, there is now no physical connection whatever between them. As the connection can be made at comparatively little expense, it seems to me that the Railroad Commission was fully justified in making the order that it did. At all events it cannot be called an unreasonable order, under all the facts connected with the matter.

The application for an injunction is denied.