## SEABOARD AIR LINE RY. v. RAILROAD COMMISSION OF GEORGIA et al.

### (Circuit Court of Appeals, Fifth Circuit. March 10, 1914.)

#### No. 2551.

1. COURTS (§ 101*)—PRELIMINARY INJUNCTION—FEDERAL COURTS—AUTHORITY TO GRANT.

In a suit by a railroad company to annul an order of the State Railroad Commission because it violates the Constitution, requiring physical connection between complainant's railway and the railway of another company at a particular point in the state, a preliminary injunction could lawfully be granted only by the judge of the District Court and two other federal judges called to sit with him, as provided by Judicial Code, § 266 (Act March 3, 1911, c. 231, 36 Stat. 1162 [U. S. Comp. St. Supp. 1911, p. 236]).

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 344–350, 629; Dec. Dig. § 101.*]

2. COURTS (§ 101*)—HEARING ON MERITS—JURISDICTION.

Since, in a suit by a railroad company to enjoin an order of the State Railroad Commission, requiring physical connection with another line, Judicial Code, § 266 (Act March 3, 1911, c. 231, 36 Stat. 1162 [U. S. Comp. St. Supp. 1911, p. 236]), only requires that three federal judges shall pass on an application for an interlocutory injunction, where it appeared that complainant waived its prayer for an injunction pendente lite, the District Judge alone had jurisdiction to try and determine the case on its merits.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 344–350, 629; Dec. Dig. § 101.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the District Court of the United States for the Northern District of Georgia; William T. Newman, Judge.

Suit by the Seaboard Air Line Railway against the Railroad Commission of Georgia and others. From a decree of dismissal (206 Fed. 181), complainant appeals. Affirmed.

Edgar Watkins, of Washington, D. C. (W. G. Loving, of Atlanta, Ga., on the brief), for appellant.

James K. Hines, of Atlanta, Ga., for appellees.

Before PARDEE and SHELBY, Circuit Judges, and FOSTER, District Judge.

SHELBY, Circuit Judge. This is a bill in equity by the Seaboard Air Line Railway, a Virginia corporation, against the Railroad Commission of Georgia, the five members of the Commission, and its secretary and special attorney, all citizens of the state of Georgia.

[1] The purpose of the bill is to enjoin and annul an order of the Railroad Commission of Georgia, requiring the Lawrenceville Branch Railroad Company and the Seaboard Air Line Railway to provide and maintain at Lawrenceville, Ga., physical connection between said railways and sufficient and necessary track or tracks to take care of freight traffic moving between said roads. It is alleged in the bill that the Railroad Commission of Georgia has no power or right "to control, burden, or interfere with interstate commerce"; that the order "is unconstitutional and void, without the authority of said Commission, and contrary to the Constitution and laws of the United States"; that it "is illegal, and deprives complainant of its property without due process of law, and denies to the complainant the equal protection of the laws"; and that it is contrary to the Constitution and laws of the state of Georgia. It is alleged that the defendants intend to begin proceedings to enforce the order, and there is a prayer for a decree to restrain them from doing so, and a further prayer for an injunction, after final hearing, enjoining the defendants and their agents, employés, and attorneys from taking any steps to enforce the order of the Commission, and that the same be declared void. The defendants answered the bill, maintaining the validity of the Commission's order, and denying that the same was in conflict with the Constitution of the United States.

The bill was presented to the judge of the District Court, who made an order that the defendants "show cause, if any they have, before me * * * why the injunction should not be issued as prayed." Afterwards, the case came on for final hearing on the pleadings and evidence, and a final decree was entered denying the injunction and dismissing the bill. From that decree the complainant appeals and assigns the decree as error.

[2] The allegations of the bill are such as would require the judge to whom it was presented to call to sit with him two other judges to decide whether or not an interlocutory injunction should issue (Louisville & Nashville R. R. Co. v. Railroad Commission of Alabama [D. C.] 208 Fed. 35); and it would have been error for the District Court held by one judge to have ordered, or to have refused to order, an in-

terlocutory injunction. Judicial Code, § 266; Ex parte Metropolitan Water Co., 220 U. S. 539, 31 Sup. Ct. 600, 55 L. Ed. 575. But the record does not show that an interlocutory injunction was either granted or refused. The case was set down for hearing by an order for the defendants to show cause on January 25, 1913, why an injunction should not issue; but there seems to have been no order whatever as to an interlocutory injunction, and that no hearing was had on the question of the issuance of an interlocutory injunction. The only other order in the record is the final decree on pleadings and evidence refusing the injunction, dismissing the bill, and taxing the complainant with the costs, from which decree this appeal is taken.

There is no requirement in the Judicial Code, § 266, that three judges should hear the case when submitted for final decree on the pleadings and evidence. The three judges are only required to pass on the question of granting the interlocutory injunction; and if the complainant waives his prayer for an injunction pendente lite and goes to trial on the merits, having taken evidence for that purpose, and no objection is made by either party to that course, we see no reason why one judge may not proceed to try and decide the case.

On the merits of the case, a majority of the judges concur in the opinion of the District Judge which appears in the record and is reported in 206 Fed. 181. The final decree refusing the injunction and dismissing the bill is affirmed.