CRESCENT MFG. CO. v. WILSON, State Commissioner of Agriculture.

(Circuit Court of Appeals, Second Circuit.   April 10, 1917.)

No. 186.

1. COURTS ⬳101—INJUNCTION ⬳143(1)—TEMPORARY INJUNCTION—NOTICE—
NUMBER OF JUDGES.
     Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1162) § 266, as
amended by Act March 4, 1913, c. 160, 37 Stat. 1013 (Comp. St. 1916, §
1243), provides that no interlocutory injunction suspending or restraining
the enforcement of any statute of a state, by restraining the action of
any officer in the enforcement or execution thereof, or of an order made
by an administrative board or commission acting under the statutes of the
state, shall be granted on the ground of the unconstitutionality of such
statute, unless the application shall be heard and determined by three
judges, and that, whenever such application is presented to a justice or a
judge, he shall immediately call to his assistance two other judges, and
that such application shall not be heard or determined before five days'
notice of the hearing has been given the Governor and Attorney General of
the state, and such other persons as may be defendants. *Held*, that the
District Judge had no jurisdiction of an application for an interlocutory
injunction restraining a state commissioner of agriculture from prevent-
ing the sale within the state of a food product, on the ground that
the statute under which he was acting was unconstitutional, where he
did not call in two other judges to hear the application, nor give notice
of the hearing to the Governor and Attorney General.
     [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 344–350, 629;
Injunction, Cent. Dig. § 315.]

2. COURTS ⬳405(6)—CIRCUIT COURT OF APPEALS—JURISDICTION—CONSTITU-
TIONAL QUESTIONS.
     Where the jurisdiction of the federal court rests, not solely upon the
constitutionality of an act, but also upon diversity of citizenship, the
Circuit Court of Appeals has jurisdiction.

Appeal from the District Court of the United States for the North-
ern District of New York.

Suit by the Crescent Manufacturing Company against Charles S.
Wilson, as Commissioner of Agriculture of the State of New York.
From an order (233 Fed. 282) denying an interlocutory injunction,
complainant appeals.   Appeal dismissed.

The petitioner is a corporation organized under the laws of the
state of Washington.   It is engaged in the manufacture and sale of
various food products, and among others of a proprietary food prod-
uct sold under the name of "Mapleine."   It seeks an interlocutory in-
junction against defendant, restraining him from interfering with the
sale of the petitioner's product in the state of New York.

Charles A. Riddle, of Seattle, Wash., and William T. Byrne, of
Albany, N. Y., for appellant.

Egburt E. Woodbury, Atty. Gen. of State of New York, and
Charles M. Stern, Deputy Atty. Gen. of State of New York, for ap-
pellee.

Before COXE, WARD, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge. The question presented to the court below was whether the commissioner of agriculture of the state of New York should be restrained from carrying out and enforcing a threatened course of action having for its object the prevention of sales within the state of mapleine after its importation into New York from the state of Washington; mapleine being a food product manufactured and sold in the latter state and extensively transported in interstate commerce. Stated in another way, the question was whether the New York Agricultural Law (chapter 494, Laws of 1914), entitled "An act to amend the Agricultural Law, in relation to adulterated or misbranded food," is unconstitutional, as being in conflict with the provisions of section 8 of article 1 of the Constitution of the United States, as constituting an undue interference with interstate commerce. The District Judge held the New York law constitutional, as not being in conflict with federal law. From this decision an appeal has been taken. The case has been argued in this court, and we shall have to dispose of it upon a point not raised in argument.

[1] It appears that the District Judge was without jurisdiction to hear and determine the application for the interlocutory injunction. A court of the United States composed of one judge only is without power to hear and determine such an application. Judicial Code, § 266, as amended by Act March 4, 1913, c. 160 (Compiled Statutes of United States Annotated, § 1243), reads as follows:

"No interlocutory injunction suspending or restraining the enforcement, operation, or execution of any statute of a state by restraining the action of any officer of such state in the enforcement or execution of such statute, or in the enforcement or execution of an order made by an administrative board or commission acting under and pursuant to the statutes of such state, shall be issued or granted by any justice of the Supreme Court, or by any District Court of the United States, or by any judge thereof, or by any Circuit Judge acting as District Judge, upon the ground of the unconstitutionality of such statute, unless the application for the same shall be presented to a Justice of the Supreme Court of the United States, or to a Circuit or District Judge, and shall be heard and determined by three judges, of whom at least one shall be a Justice of the Supreme Court or a Circuit Judge, and the other two may be either Circuit or District Judges, and unless a majority of said three judges shall concur in granting such application. Whenever such application as aforesaid is presented to a Justice of the Supreme Court, or to a judge, he shall immediately call to his assistance to hear and determine the application two other judges: Provided, however, that one of such three judges shall be a Justice of the Supreme Court, or a Circuit Judge. Said application shall not be heard or determined before at least five days' notice of the hearing has been given to the Governor and to the Attorney General of the state, and to such other persons as may be defendants in the suit: Provided, that if of opinion that irreparable loss or damage would result to the complainant unless a temporary restraining order is granted, any Justice of the Supreme Court, or any Circuit or District Judge, may grant such temporary restraining order at any time before such hearing and determination of the application for an interlocutory injunction, but such temporary restraining order shall remain in force only until the hearing and determination of the application for an interlocutory injunction upon notice as aforesaid. The hearing upon such application for an interlocutory injunction shall be given precedence and shall be in every way expedited and be assigned for a hearing at the earliest practicable day after the expiration of the notice hereinbefore provided for. An appeal may be taken direct to the Supreme Court of the United States from the order granting or denying, after notice and hearing, an interlocutory injunction in such case. It is further provided that if before

the final hearing of such application a suit shall have been brought in a court of the state having jurisdiction thereof under the laws of such state, to enforce such statute or order, accompanied by a stay in such state court of proceedings under such statute or order pending the determination of such suit by such state court, all proceedings in any court of the United States to restrain the execution of such statute or order shall be stayed pending the final determination of such suit in the courts of the state. Such stay may be vacated upon proof made after hearing, and notice of ten days served upon the attorney general of the state, that the suit in the state courts is not being prosecuted with diligence and good faith."

Under the provision above cited it was not within the power of a single justice or judge to pass on the question whether the New York law violated the Constitution of the United States. When application for the injunction was presented to the District Judge it was incumbent upon him to call to his assistance two other judges, one of whom should be a Justice of the Supreme Court or a Circuit Judge, to hear and determine the application. And it was also his duty to give notice of the hearing to the Governor and Attorney General, as well as to such other persons as may be defendants in the suit. This course was not pursued, but the District Judge proceeded to hear and determine the question sitting alone.

This case is not unlike that of Ex parte Metropolitan Water Company of West Virginia, 220 U. S. 539, 31 Sup. Ct. 600, 55 L. Ed. 575 (1911). In that case a single District Judge denied an application for an injunction on the ground that a statute of the state of Kansas was constitutional. The Supreme Court held that in so doing he acted without jurisdiction and that his order was void. After the District Judge rendered his decision in the above case of the Metropolitan Water Company application was made for a writ of mandamus, and the Supreme Court said that it necessarily followed that mandamus is the proper remedy, "since the section made no provision for an appeal from an order made by a single judge denying an interlocutory injunction, and a right of appeal is not otherwise given by statute."

[2] Before concluding this opinion it may be well to call attention to a matter relating to the jurisdiction of this court in questions involving the validity of a law alleged to violate the Constitution of the United States. The section of the statutes set forth at the beginning of this opinion provides that an appeal in the cases therein referred to may be taken direct to the Supreme Court of the United States from the order granting or denying after notice and hearing an interlocutory injunction. And section 128 of the Judicial Code (section 1120 of U. S. Compiled Statutes Annotated, 1916), provides that the Circuit Court of Appeals shall exercise appellate jurisdiction to review by appeal or writ of error final decision in the District Courts in all cases other than those in which appeals and writs of error may be taken direct to the Supreme Court. It might be thought, therefore, that this court is by virtue of the provisions cited without jurisdiction of such cases as the cause of action is one arising under the Constitution of the United States. But the rule is that where the jurisdiction of the court rests not solely upon the constitutionality of the act but also upon diversity of citizenship the Circuit Court of Appeals has jurisdiction. See Union & Planters' Bank v. Memphis, 189 U. S. 71, 23

Sup. Ct 604, 47 L. Ed. 712 (1903), and Carolina Glass Co. v. South Carolina, 240 U. S 305, 36 Sup. Ct. 293, 60 L. Ed. 658 (1916)

In the instant case diversity of citizenship exists, the complainant being a citizen of the state of Washington. In the instant case as no application for a mandamus has been made, and as no provision has been made for an appeal from an order of a single judge denying an interlocutory injunction in such a case this court must order the appeal dismissed.

It is so ordered.