MICHIGAN STATE TELEPHONE CO. v. ODELL et al.

(District Court, E. D. Michigan, S. D.   August 9, 1922.)

No. 484.

1. **Courts ⊙—101—Application for injunction to restrain enforcement of order of administrative board need not be heard by three judges, unless constitutionality of statute attacked.**

   Judicial Code, § 266 (Comp. St. § 1243), requiring application for interlocutory injunction restraining enforcement of statute by restraining the action of any state officer in its execution, or in the enforcement or execution of an order of an administrative board on ground of unconstitutionality of such statute, to be heard by three judges, does not apply to motion for interlocutory injunction restraining enforcement of order of state board or commission, unless the injunction is sought on the ground of the unconstitutionality of some statute.

2. **Courts ⊙—101—Suit to restrain enforcement of order fixing telephone rates held not to involve constitutionality of statute, so as to require hearing by three judges.**

   Application for injunction to restrain enforcement of order of Public Utilities Commission, establishing telephone rates on grounds that rates are confiscatory and deprive plaintiff of its property without due process of law, etc., and that commission acted arbitrarily and unlawfully in fixing such rates, does not ask injunction on ground of constitutionality of any statute, so as to require application to be heard by three judges, under Judicial Code, § 266 (Comp. St. § 1243).

In Equity.   Suit by the Michigan State Telephone Company against Samuel Odell and others.   On application for an interlocutory injunction.   Application entertained, without calling in additional judges.

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Stevenson, Carpenter, Butzel & Backus, Thomas G. Long, and James O. Murfin, all of Detroit, Mich., for plaintiff.

Merlin Wiley, Attorney General of Michigan, and David H. Crowley, of Detroit, Mich., for defendants.

TUTTLE, District Judge. This cause is now pending before the court upon an application by the plaintiff for an interlocutory injunction restraining the enforcement of a certain order made by the Michigan Public Utilities Commission establishing a new schedule of telephone rates to be charged by the plaintiff, on the ground, as alleged in the bill of complaint herein, that such rates are confiscatory, and such order in violation of the federal Constitution and void. A temporary restraining order has been granted and is now in force pending the hearing and determination of the application for the interlocutory injunction prayed.

[1] At the threshold of the case a serious procedural question of jurisdiction presents itself, which must be determined in advance of the hearing of the application referred to. This question is whether it is necessary that said application shall be heard and determined by three judges, or whether, on the other hand, one judge is sufficient. This inquiry involves and depends upon the question whether the present proceeding is governed by the provisions of section 266 of the Judicial Code. The pertinent language of that section of the Code (Act of March 3, 1911, c. 231, 36 Statutes at Large, 1162, as amended by the Act of March 4, 1913, c. 160, 37 Statutes at Large, 1013), is as follows:

"No interlocutory injunction suspending or restraining the enforcement, operation, or execution of any statute of a state by restraining the action of any officer of such state in the enforcement or execution of such statute, *or in the enforcement or execution of an order made by an administrative board or commission acting under and pursuant to the statutes of such state*, shall be issued or granted by any Justice of the Supreme Court, or by any District Court of the United States, or by any judge thereof, or by any Circuit Judge acting as District Judge, upon the ground of the unconstitutionality of such statute, unless the application for the same shall be presented to a Justice of the Supreme Court of the United States, or to a Circuit or District Judge, and shall be heard and determined by three judges, of whom at least one shall be a Justice of the Supreme Court or a Circuit Judge, and the other two may be either Circuit or District Judges, and unless a majority of said three judges shall concur in granting such application. Whenever such application as aforesaid is presented to a Justice of the Supreme Court, or to a judge, he shall immediately call to his assistance to hear and determine the application two other judges: Provided, however, That one of such three judges shall be a Justice of the Supreme Court, or a Circuit Judge."

The language just quoted (excepting the italicized words, which were added by the 1913 amendment just cited) was originally part of section 17 of the Act of June 18, 1910, c. 309, 36 Statutes at Large, 557, being, according to its title, an act to create a Commerce Court and to amend the Interstate Commerce Act and for other purposes. Section 17 of the act last mentioned was expressly repealed by section 297 of the Judicial Code (Comp. St. § 1274), but at the same time was reenacted as section 266 of the Code, and later amended as indicated. Upon the proper construction of the language just quoted from this

amended section depends, as already stated, the question as to the applicability of such section to the present suit.

Ignoring entirely, for a moment, the amendment, it is clear that before such amendment section 266 prohibited the issuance of any "interlocutory injunction suspending or restraining the enforcement, operation, or execution of any statute of a state by restraining the action of any officer of such state in the enforcement or execution of such statute" upon the ground of the unconstitutionality of such statute, unless the application for such injunction should be heard and determined by the three judges mentioned. It is equally clear that this prohibition extended only to cases where the application for such interlocutory injunction was based "upon the ground of the unconstitutionality of such statute." There can be no doubt or question upon that score. Obviously, before the amendment an interlocutory injunction might be issued by one federal judge restraining an officer of a state from committing wrongful acts in excess of his authority in certain cases, provided that such acts were not committed or threatened merely in the enforcement of a state statute attacked as unconstitutional in the application for such injunction.

Even if the alleged wrongful action complained of was in the enforcement or execution of a statute, a hearing by three judges was unnecessary, unless, as already stated, such action was sought to be temporarily restraining upon the ground that the said statute was unconstitutional. It is apparent that, if it were merely the action being taken or threatened by a state officer which was alleged to be in contravention of rights guaranteed by the United States Constitution, but no statute was alleged to be unconstitutional, such action could have been restrained by one federal judge, without a three-judge hearing, notwithstanding the fact that such injunction, temporary or permanent, resulted in restraining the "enforcement, operation, or execution" of a statute of the state. Nothing could be plainer than the purpose of Congress as expressed in section 266 to limit the application thereof to cases involving a state statute alleged to be unconstitutional whose enforcement was sought to be temporarily restrained upon that ground by injunction against the action of state officers attempting to enforce such statute.

It is evident that when this section was originally enacted Congress had in mind that the only way in which an unconstitutional state statute would be executed would be by the action of a state officer directly enforcing the terms and provisions of the statute as passed by the state legislature. It is, however, a matter of common knowledge that, while this was originally the usual manner of such execution, it became a common practice, in respect to a state statute regulating public utilities and fixing the rates to be charged by them, to intrust the application of such a statute generally, and the execution thereof, to a state administrative board or commission, created by such statute and acting under and pursuant to the same, with power to make the administrative orders necessary in the execution of the statute. Such orders are, and must be, enforced by the action of state officers, and such enforcement necessarily includes and involves, in some, but not all, instances, the enforcement of the state statute pursuant to which such executive order was made.

As, however, section 266 at first made no reference to such orders or to the enforcement thereof by state officers, it was natural, and apparently deemed by Congress advisable, that such a reference should be inserted in the statute. This was done by expressly extending the restrictive features of that statute, so that they not only applied to "the action of any officer of such state in the enforcement or execution of such statute" (that is, to the enforcement or execution of a statute by such an officer directly and without the interposition of an order by an administrative board or commission made for the purpose of carrying into effect such statute), but also applied to the action of any such officer "in the enforcement or execution of an order made by an administrative board or commission acting under and pursuant to the statutes of such state." The prohibition, however, of the section still refers only to injunctions temporarily restraining the enforcement, operation or execution of a state *statute,* and then *only if the issuance of such injunction* be "upon the ground of the unconstitutionality of such *statute.*"

In view of the plain and unambiguous language used by Congress, it is difficult to understand upon what theory or by what reasoning it can be properly argued that such language refers to temporary injunctions restraining the enforcement of the *orders* referred to, as well as to *statutes,* and without regard to the question whether the ground of such injunction be the *unconstitutionality of a statute.* To so contend is to argue, not only that Congress did not mean what it so clearly and unequivocally expressed, but also that this section is applicable to any action of an officer of a state in the enforcement of a statute thereof or of an administrative order of an executive board thereof, and whether or not a *statute* be claimed to be unconstitutional. I do not think that section 266 is applicable to a motion for an interlocutory injunction restraining the enforcement of an order made by a state administrative board or commission, where such injunction is not sought on the ground of the unconstitutionality of any statute of such state.

I have been able to discover but few decisions in which the precise question now under consideration appears to have been raised or considered. The decision first reported is that in the case of Louisville & Nashville Railroad Co. v. Railroad Commission of Alabama (D. C.) 208 Fed. 35 (decided July 24, 1913), in which an application for an interlocutory injunction restraining the execution of an order of the Alabama Railroad Commission fixing alleged confiscatory intrastate railroad rates was heard before District Judge Grubb and Circuit Judges Shelby and Pardee of the Fifth Circuit; the two last named having been called to the assistance of the said District Judge. In this case three separate opinions were written. No formal objection had been made to the calling in of the two additional judges, but on the informal suggestion of one of the attorneys for the plaintiff Judge Shelby deemed it necessary to discuss the subject, and reached the conclusion that section 266 applied to the application there involved. Apparently finding, as I cannot, ambiguity in the language of the statute as amended, Judge Shelby felt consequently warranted in undertaking to ascertain by abstract reasoning the intention of Congress in enacting the amendment. It further appeared to him, as it does not to my mind, that, if the amend-

ed statute applied only to attacks on the constitutionality of state statutes, the sole grounds for any such attack, where an administrative order was involved, could be the mere claim that a statute delegating to a commission the power to make such an order rendered such statute unconstitutional.

It would seem that this conclusion overlooks and ignores the numerous other grounds upon which a state statute creating and conferring powers upon a board or commission as an administrative feature of such statute may be claimed to be unconstitutional. Such an argument likewise indicates and doubtless results from confusion of thought concerning the functions of such a board and its relation to the state statute under which, or to execute which, such board is created. The truth is, of course, that the orders of such a board or commission are not statutes, and hence the alleged unconstitutionality of one of said orders is not, and does not necessarily involve, the unconstitutionality of either the statute creating the board or the statute whose execution is intrusted to the board. In fact, the administrative order attacked may be itself unconstitutional and void for a reason not in any way relating to or affecting the constitutional validity of any statute.

Notwithstanding the high respect which I entertain for the wisdom and character, as well as the office, of the jurist by whom the opinion in question was written, I am unable to follow the reasoning or to accept the conclusion on which such opinion was based. An opinion in the same case by Judge Grubb, concurring in the ultimate result reached on the merits of the case (a denial of the interlocutory injunction prayed), contains no reference to the applicability of section 266. The vigorous dissenting opinion of Circuit Judge Pardee refers to the statute in question as "a restrictive statute," which does not "call for a liberal construction," so that he is "not inclined to broaden the statute to cover a supposed intention of the lawmaker, but rather disposed to leave the matter to the Supreme Court, and in the meantime hold that the eminent lawyers in the Judiciary Committee of Congress who framed the same meant exactly what they said and said exactly what they meant."

The only case citing approvingly the decision just considered appears to be that of Seaboard Air Line Railway v. Railroad Commission of Georgia (C. C. A. 5) 213 Fed. 27, 129 C. C. A. 613, in which Judge Shelby, writing the opinion, cited that decision in support of a statement in such opinion which was pure dictum, because the question here under consideration was not involved in that case. The only other case cited in such opinion in support of such statement (Ex parte Metropolitan Water Co., 220 U. S. 539, 31 Sup. Ct. 600, 55 L. Ed. 575) was decided before the amendment to section 266, and is not in any way applicable to this question. No other authority has been brought to my attention, and I know of none, to the effect that section 266 has any relation to an interlocutory injunction restrainig the enforcement of an order by an administrative board or commission, where such injunction is not sought on the ground of the unconstitutionality of a state statute.

On the other hand, in the case of Lykins v. Chesapeake & Ohio Railway Co., 209 Fed. 573, 126 C. C. A. 395, in the Circuit Court of Ap-

peals for the Sixth Circuit, it appeared that a state Railroad Commission had apportioned and certified for assessment certain taxes, suit to enjoin the collection of which was brought in the District Court. The right to an injunction was asserted on the ground, not of the unconstitutionality of any statute, but of the alleged unauthorized, arbitrary, and wrongful character of the tax imposed. An application for a temporary injunction restraining the levy and collection of the tax by the proper state officials was heard and granted by a single District Judge a few months prior to the passage of the amendment to section 266. On appeal from this order to the Circuit Court of Appeals, it was contended by the appellant that the case required the presence and action of three judges within the meaning of this statute. In overruling the contention thus urged and affirming the order complained of, the Circuit Court of Appeals, consisting of Circuit Judges Warrington, Denison, and Knappen, speaking through Judge Warrington, in the course of its opinion used the following significant language:

"The interlocutory order was entered October 29, 1912, and the claim respecting the necessity for additional judges was denied, and we think rightly, no matter whether section 266 as it then existed or as it was amended March 4, 1913 (chapter 160, 37 Stat. 1013), be considered. The object of the enactment was to prohibit the use of the process of injunction to obstruct the enforcement of statutes, or any proceeding based on them, upon any theory of their constitutional invalidity, except through the sanction of the special tribunals there provided for. The bill does not seek to suspend or restrain the enforcement, operation, or execution of any statute of the state, upon the ground of its unconstitutionality. The only statute involved is the special charter enactment before cited; and the constitutional validity of the act, so far as it is pertinent here, is admitted by appellee. * * * It is true that the proceedings enjoined are based upon an order of the state Railroad Commission, and that an order of such a commission is for some purposes regarded as a law of the state (Grand Trunk Ry. v. Indiana R. R. Comm., 221 U. S. 400, 403, 31 Sup. Ct. 537, 55 L. Ed. 786); but here again, as stated, the order is not resisted on any ground of unconstitutionality of the statute in virtue of which the order was made, nor was the interlocutory order granted upon any such theory, and so a case was not presented demanding the presence or action of three judges."

This decision has not been reversed, overruled, nor modified, and is, in my opinion, controlling here. Substantially the same result was reached in Cook v. Burnquist (D. C.) 242 Fed. 321. My search of the authorities has resulted in the discovery of no decision to the contrary, except as those hereinbefore referred to may be so regarded.

[2] It remains to consider whether the present case is within the provisions of section 266 as so amended and construed. The bill containing, and on which is based, the application for the interlocutory injunction prayed, alleges, among other things, that the defendants other than the Attorney General of Michigan are the persons constituting the Michigan Public Utilities Commission of the State of Michigan, "which is an administrative body duly created by the statutes of said state"; that this suit "is brought for the purpose of enjoining the enforcement of a certain order of said commission * * * acting under the authority vested in them by the laws of the state, prescribing maximum rates for telephone service to be charged by plaintiff"; that such suit "arises under the Constitution and laws of the United States, in that, as plaintiff avers, the rates prescribed in said order are confiscatory of

the plaintiff's property used or useful in furnishing said telephone service to the public, and said order therefore seeks to deprive plaintiff of its property without due process of law, and denies plaintiff the equal protection of the laws, in violation of its rights under the Fourteenth Amendment to the Constitution of the United States, and is therefore null and void"; that "the action of the commission in adopting and using" a certain sum mentioned in the bill, and alleged to have been held by said commission to have represented the value of the property treated, in fixing the rates prescribed in said order "as the basis for determining the rates to be charged by plaintiff and for the computation of the return to which plaintiff is entitled," was "arbitrary and unlawful," and that the "rates prescribed by said order based thereupon are arbitrary and unlawful"; that the said order is "null and void, and the same, if enforced, would deprive plaintiff of its property without due process of law, and deny to plaintiff its rights under the Fourteenth Amendment"; that, "unless defendants are restrained as herein prayed, they will, as plaintiff believes and so alleges, attempt to compel plaintiff to comply with said order * * * and to enforce the penalties prescribed by the laws of the state of Michigan; and plaintiff, its directors, officers, agents, and employees, will be deterred and prevented by the threat of said penalties * * * from charging any rate other than the rates prescribed by said order, and thereby plaintiff will be forced to submit to a confiscation of its property without due process of law and in violation of its rights under the Constitution of the United States as hereinbefore alleged, and also subjected to great and irreparable loss and damage."

The bill then prays that the rates prescribed in said order be decreed to be confiscatory and in violation of the United States Constitution, and that the said order imposing such rates be decreed to be void; that the defendants, members of the said Michigan Public Utilities Commission and the Attorney General of Michigan, and all other persons, be temporarily and permanently restrained from attempting to compel plaintiff to observe the said rates for telephone service; that the defendant be temporarily and permanently restrained from taking any steps or proceedings against the plaintiff, its officers, agents, or employees, to enforce any penalties or any other remedy for disregarding the rates prescribed by the said order; and that, "pending the final hearing of this cause, an interlocutory injunction may issue restraining the defendants as above prayed." The bill concludes with a prayer for general relief. There is no claim in the bill or otherwise that the interlocutory injunction sought is prayed for upon the ground of the unconstitutionality of any statute of the state of Michigan, nor is any such statute alleged to be unconstitutional.

I am of the opinion that the application for such interlocutory injunction is not within the meaning or scope, nor subject to the provisions, of section 266 of the Judicial Code as amended, and that this court is required to, and will, hear and determine such application without calling to its assistance the two additional judges required under the terms of that section.