## MOORE, COMMISSIONER, v. FIDELITY & DEPOSIT COMPANY ET AL.

### APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF OREGON.

No. 185. Argued October 12, 1926.—Decided November 1, 1926.

1. Under Jud. Code § 238, as amended by Act of Feb. 13, 1925, a decree of the District Court is not appealable directly to this Court on constitutional grounds alone, but only in cases falling within the acts or parts of acts enumerated in that section as amended. P. 319.

2. Section 266, which is enumerated in and amended by § 238, authorizes a direct appeal to this Court from the final decree of the District Court granting a permanent injunction in a suit to

restrain enforcement of an order of a state administrative board upon the ground of unconstitutionality, only where the case was, and was required to be, heard before three judges because the application for a preliminary injunction was pressed.  P. 320.
Appeal from 3 F. (2d) 652, dismissed.

APPEAL from a final decree of the District Court (one judge sitting) granting a permanent injunction in a suit by indemnity insurance companies to enjoin a state insurance commissioner from carrying out a threat to annul their licenses for failure to obey an order cancelling their authority to issue a certain kind of policy.  The prayer for a preliminary injunction was not pressed.

*Miss Grace E. Smith,* Assistant Attorney General of Oregon, with whom *Messrs. I. H. Van Winkle,* Attorney General, and *Willis S. Moore,* Assistant Attorney General, were on the brief, for the appellant.

*Mr. John S. Coke,* with whom *Mr. Franklin T. Griffith* was on the brief, for the appellees.

MR. JUSTICE BRANDEIS delivered the opinion of the Court.

Three companies licensed to do business in Oregon brought this suit against its insurance commissioner in the federal court for that State.  The bill alleges that a former commissioner had authorized these companies to issue indemnity bonds, commonly called " Confiscation Coverage," by which those who sell automobiles on conditional sale are insured against loss arising from their confiscation for violation of law; that the defendant has entered ·an order cancelling this authorization, on the ground that insurance of this nature is void as against public policy because it serves to encourage the transportation of intoxicating liquors in violation of law; and that he has threatened to annul the plaintiffs' licenses, unless they refrain entirely from writing such indemnity

bonds. The bill charges that the defendant's action is in excess of the powers conferred upon him by the statutes of the State; and that his wrongful acts will, unless restrained, deprive plaintiffs of their property without due process of law in violation of the Fourteenth Amendment. The bill prays for both a preliminary and a permanent injunction.

The defendant moved to dismiss the bill, on the ground that it did not state facts sufficient to constitute a cause of action. The motion was overruled. An answer was filed. Parts of it were stricken out on plaintiff's motion. What remained admitted substantially all the allegations of the bill. The case was then heard further by a single judge, who on May 18, 1925, entered a final decree for an injunction. The constitutional question presented by the bill was not passed upon. The decision was rested solely upon the ground that the order complained of was in excess of the powers conferred by the statutes upon the insurance commissioner. 3 F. (2d) 652. An appeal to this Court was allowed by the District Judge. A motion having been made to advance the case for argument, this Court, of its own motion, entered a rule that the appellant show cause why the appeal should not be dismissed for lack of jurisdiction in this Court. Upon return to the rule, the case was set for argument.

The bill invoked the jurisdiction of the federal court on the ground of diversity of citizenship as well as on the ground that plaintiffs' constitutional rights were threatened. Although the constitutional question raised was not passed upon by the District Court, the allegations of the bill would have supplied the basis for a direct appeal under § 238 of the Judicial Code before that section was amended by Act of February 13, 1925, c. 229, 43 Stat. 936, 938. Compare *Winchester* v. *Winchester Water Works,* 251 U. S. 192, 193. But § 238 was so far changed by that Act, that now there is no right to a

direct appeal on constitutional grounds alone; the right exists now only in cases falling within the provisions enumerated in that section as amended. Otherwise the case must go in the first instance to the Circuit Court of Appeals and may come here only for review of that court's action. See *Application of Buder,* 271 U. S. 461.

The Act of 1925 applies, as the decree of which review is sought was entered after May 13, 1925. Among the provisions enumerated in § 238 as amended, is § 266 of the Judicial Code. It is contended that this case falls within the latter section. It was amended by the addition of the following provision: "The requirement respecting the presence of three judges shall also apply to the final hearing in such suit in the district court; and a direct appeal to the Supreme Court may be taken from a final decree granting or denying a permanent injunction in such suit." Appellant contends that this appeal lies under § 266, because the order of the insurance commissioner is an order of an administrative board; and the suit is one which seeks relief by way of " interlocutory injunction suspending or restraining . . . the enforcement' . . . of an order made by an administrative board . . . acting under and pursuant to the statutes of such State . . . upon the ground of unconstitutionality . . ."

In the case at bar there was an attack upon the order of the insurance commissioner " upon the ground of unconstitutionality " within the meaning of § 266. *Oklahoma Natural Gas Co.* v. *Russell,* 261 U. S. 290, 292. It may be assumed that the order was action of an administrative board within the meaning of that section. Compare *Fidelity & Deposit Co.* v. *Tafoya,* 270 U. S. 426. But the prayer for a preliminary injunction was not pressed; nor was there any request that the case be heard by a court consisting of three judges, which would have been necessary under § 266 if the prayer had been pressed. That section as originally enacted applied only where interlocutory relief was actually sought, regardless of the

scope of the bill.   Its purpose was to minimize, in an important class of cases, the delay incident to a review of a decree granting or denying an interlocutory injunction. The general purpose of the Act of 1925 was to relieve this Court by limiting further the absolute right to a review by it.   There is nothing in the provision added by that Act to § 266 which indicates a purpose to extend the application of that section—either as to the requirement of three judges or as to the right to a direct appeal— to a case in which an interlocutory injunction was not actually applied for.   The occasion for the provision was considered in the *Buder* case.   It authorizes a direct appeal to this Court from the final decree of the district court only where an application was made for an interlocutory injunction and the case was heard before three judges.                                      *Dismissed.*