## FILM TRANSPORT CO. v. MICHIGAN PUB-LIC UTILITIES COMMISSION et al.

(District Court, E. D. Michigan, S. D. February 24, 1927.)

**I. Courts ⬅➡101—Single District Judge had jurisdiction to enjoin enforcement of state law, where preliminary injunction not urged, granted, or denied (Judicial Code, § 266, as amended by Act Feb. 13, 1925 [Comp. St. § 1243]).**

Where, in suit to restrain state Public Utilities Commission from enforcing state statute against transportation company, preliminary injunction was neither urged, granted, nor denied, single District Judge had jurisdiction to hear matter on its merits, and it was not necessary to convene special court of three judges, under Judicial Code, § 266, as amended by Act Feb. 13, 1925 (Comp. St. § 1243).

**2. Carriers ⬅➡2, 4—Constitutional law ⬅➡280 —Company transporting moving picture films under special contracts held "private carrier," and application thereto of state statute relating to common carriers violates due process clause (Pub. Acts Mich. 1923, No. 209, § 3; Const. U. S. Amend. 14).**

Transportation company, engaged in transporting moving picture films for theaters and exchanges under special contracts, exclusively operating over fixed routes, but which did not advertise or solicit business, nor hold itself out to transport for public indiscriminately, *held* private carrier, and state Public Utilities Commission will be enjoined from applying Pub. Acts Mich. 1923, No. 209, and particularly section 3, relating to common carriers, thereto, as constituting a taking of private property for public use without just compensation, in violation of due process clause of Const. U. S. Amend. 14.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Private Carrier.]

In Equity. Suit by the Film Transport Company against the Michigan Public Utilities Commission and others. Decree for plaintiff, granting permanent injunction.

George E. Brand, of Detroit, Mich., for plaintiff.

Andrew B. Dougherty, Atty. Gen., O. L. Smith, Asst. Atty. Gen., Clare Retan, Atty. Gen., and Palmer J. Green, Asst. Atty. Gen., for defendant Commission.

SIMONS, District Judge. The plaintiff is a transportation company, operating upon the public highways of Michigan and engaged in transporting moving picture films from and to film exchanges, and from theater to theater in course of showing. All transportation is in pursuance to written contracts between theater owners and plaintiff. No transporting is done other than pursuant to written contracts, which are special in provisions, and are for a fixed period of five years. Plaintiff has never engaged in the general trucking business, and has contracts with 150 theaters in the southern part of the state. It does not advertise or solicit business, nor does it hold itself out to transport for the public indiscriminately; but it does operate through a definite territory and over fixed routes. The bill is filed for the purpose of restraining defendant commission from applying to the plaintiff's business the regulations of Act No. 209, Public Acts of 1923 of Michigan, and particularly section 3 of that act, which declares all persons engaged in the transportation of persons or property for hire by motor vehicle upon or over the public highways of the state to be common carriers.

[1] A preliminary injunction not having been granted nor denied in this case, nor urged, the question first arises as to whether a single District Judge has jurisdiction to hear the matter upon its merits, or whether it becomes necessary to convene a special court of three judges under the provisions of the Act of February 13, 1925, amending section 266 of the Judicial Code (Comp. St. § 1243). While the question of the jurisdiction of a single judge in a case where an interlocutory injunction has neither been granted nor denied, nor such an injunction urged, has not been directly passed upon, it would seem from the language of the Supreme Court in the case of Moore v. Fidelity & Deposit Co., 47 S. Ct. 105, 71 L. Ed. ——, that there is nothing in the provision added by the amendment to section 266 which indicates the purpose of the Congress to extend the application of that section as to the requirement of three judges to a case in which an interlocutory injunction was not actually applied for. My conclusion is that, while the point actually decided in the Moore Case was whether or not a direct appeal would lie from the final decree of the District Court only where an application was made for an interlocutory injunction and the case was heard before three judges, the same reasoning which was there relied upon would indicate that in the instant case this court has jurisdiction.

[2] Passing to a consideration of the merits of the plaintiff's claim in this case, it seems to me to be clear that the business of the plaintiff company is that of a private carrier. Its situation comes clearly within the facts and the ruling of the Supreme Court in the case of Michigan Public Utilities Commission et al. v. Duke, 266 U. S. 570, 45 S. Ct. 191, 69 L. Ed. 445, 36 A. L. R. 1105, which was a case transferred by direct ap-

peal to the United States Supreme Court from a decision rendered in this district by a specially convened court of three judges, of which the writer was one. It is true that in the Duke Case the question of interstate commerce was involved, and that that question is not present in this case. The court, however, based its decision, not only upon the fact that the state regulation, in so far as it affected private carriers engaged in interstate commerce, was a direct burden upon such commerce, but also upon the fact that an attempted exercise of the power of the state by legislative fiat to convert property used exclusively in the business of a private carrier into a public utility would be taking private property for public use without just compensation, in violation of the due process clause of the Fourteenth Amendment.

It is true that in the Duke Case the carrier was serving under private contracts but three automobile plants in the hauling of bodies, while in the instant case the plaintiff is serving a large class of shippers, though perhaps not all of the individuals in the class shipping in a given territory. The test, however, applied to the transportation company in the Duke Case, in order to determine whether it constituted a private or a public carrier, when applied to the plaintiff in this case, leads inevitably to the same conclusion.

A decree may be entered for a permanent injunction, as prayed for in the bill.