### GRIGSBY et al. v. HARRIS et al.

District Court, S. D. Texas, at Houston.
August 14, 1928.

No. 353.

1. **Courts** ⊂385(7)—**Appeal does not lie direct to Supreme Court from order of single judge, of opinion that case did not require three-judge court (Jud. Code, § 266 [28 USCA § 380]).**

Where order sought to be appealed from was made by a single judge, the court being of the opinion that the case was not one, as provided for in Judicial Code, § 266 (28 USCA § 380), providing for a three-judge court, an appeal does not lie therefrom direct to United States Supreme Court, remedy being to apply for a writ of mandamus for the convening of a three-judge court to hear petition.

2. **Courts** ⊂101—**Case does not arise under law providing for three-judge court, unless constitutionality of state statute is directly involved (Jud. Code, § 266 [28 USCA § 380]).**

A case does not arise under Judicial Code, § 266 (28 USCA § 380), providing for a three-judge court, unless the constitutionality of a state statute is directly involved.

27 F.(2d)—60

In Equity. Suit by J. B. Grigsby and others against Guy Harris and others. Decree for defendants. On plaintiffs' petition for the allowance of an appeal to the Supreme Court of the United States. Application denied.

See, also, 27 F.(2d) 942.

R. D. Evans, of Waco, Tex., for plaintiffs.

Stevens & Stevens, of Houston, Tex., for defendants.

HUTCHESON, District Judge. Plaintiffs having secured the issuance of a rule to show cause why the temporary injunction prayed for by them should not issue, and the court having on the hearing of the rule found that their petition showed no right in plaintiffs to the injunction prayed for, plaintiffs filed their application for a direct appeal to the Supreme Court of the United States, under section 380, 28 USCA (Judicial Code, § 266, amended). That section provides: "An appeal may be taken direct to the Supreme Court of the United States from the order granting or denying, after notice and hearing, an interlocutory injunction in such case." (28 USCA § 380).

"Such case," as defined in the statute, is one which "seeks to restrain the action of any officer of a state" in the enforcement or execution of any statute, " * * * upon the ground of the unconstitutionality of such statute." The statute further provides that no such suit shall be entertained by the District Court, unless the application for same shall be presented to a court composed of three judges.

The order sought to be appealed from here was made by a single judge, the court being of the opinion that the case was not such a case as provided for in section 380, and a three-judge court, as provided by that statute, was not constituted. In Ex parte Metropolitan Water Co., 220 U. S. 539, 31 S. Ct. 600, 55 L. Ed. 575, it was held that an interlocutory injunction, applied for in a case coming under the terms of section 380, "should be considered and determined by a tribunal consisting of three judges constituted as provided in the act," and that "a tribunal not so constituted did not possess jurisdiction over the subject-matter of the right to such injunction." It is further held: "It follows, therefore, that in hearing and determining the application for the temporary injunction the single judge acted without jurisdiction, and that the order entered

by him * * * denying the application for an injunction was void."

That no appeal lies, either under the original or under the amended section, except where three judges have considered and passed upon the application for temporary injunction, is made perfectly plain in the authorities. In Moore v. Fidelity & Deposit Co., 272 U. S. 318, 47 S. Ct. 105, 71 L. Ed. 273, the court says of the act invoked: "It authorizes a direct appeal to this court from the final decree of the District Court only where an application is made for an interlocutory injunction and the case was heard before three judges."

[1] Since the order complained of here was not entered by a three-judge court, it is perfectly evident that no appeal lies under the statute to the Supreme Court, and that plaintiffs' remedy, if they think the case is one for a three-judge court, is to apply for a writ of mandamus for the convening of a three-judge court to hear their petition.

Since plaintiffs' appeal must be denied because of the jurisdictional fact that the order complained of was not entered by a three-judge court, it is not material to the present demand to decide whether such court ought to have been constituted; but I deem it proper to say. that I did not believe upon the hearing, and do not now believe, that plaintiffs' suit was "such a suit" as was contemplated in section 380, for neither were the defendants in this suit "officers of the state," nor did the plaintiffs anywhere attempt to "suspend or restrain the enforcement, operation or execution, of any statute of the state of Texas upon the ground of the unconstitutionality of such statute." .

Plaintiffs at no point in their petition attack any statute of the state of Texas as unconstitutional, but, on the contrary, confine their action to attacking a rule issued by the state Democratic executive committee, which rule the petition declared to be in violation of the plaintiffs' constitutional rights, the petition going on to allege that the state Democratic executive committee acted under color of a state statute, "which in itself does not authorize such restriction."

[2] It is well settled that a case does not arise under section 380, unless the constitutionality of a state statute is directly involved. See Ex parte Buder, 271 U. S. 467, 46 S. Ct. 559, 70 L. Ed. 1036. "But in neither of these questions is the constitutionality of the state statutes involved, and a substantial claim of unconstitutionality is necessary for the application of section 266" (now section 380).