## DUMPHY v. THE SUPERVISORS OF HUMBOLDT COUNTY.

1. **TAXES: IN AID OF RAILROADS: EXTENT OF POWER.** The aggregate amount of tax that can be voted and levied by a township, incorporated town or city in aid of railroads, under chapter 123, acts Sixteenth General Assembly, is five per centum of the assessed value of the property therein; and when that amount has once been voted, levied and collected, the power conferred by the act is exhausted.

*Appeal from Humboldt District Court.*

SATURDAY, APRIL 22.

THE plaintiff presented a petition to the Hon. Ed. R. Duffie, Judge of the Fourteenth Judicial District, asking for an

injunction to restrain the collection of a five per cent railroad tax, which was refused. From the decision denying the injunction, plaintiff appeals.

*Clark & Farrell*, for appellant.

*J. & S. K. Tracey*, for appellee.

BECK, J.—I. Plaintiff alleges in his petition that in the year 1881, under the provisions of chapter 123, acts Sixteenth General Assembly (Miller's Code, pp. 358–361; McClain's Statutes, pp. 369–372), a tax of five per centum was voted upon the taxable property of Humboldt township, in Humboldt county, to aid in building the Cedar Rapids, Iowa Falls & Northwestern Railroad, and that unless restrained the supervisors and auditor of the county, who are made defendants, will proceed to levy the tax so voted and place it upon the tax books. Plaintiff shows that he is the owner of property situated in the township which will be subject to the tax if it be levied and enforced. The petition further alleges, that in 1879, a five per cent tax to aid the construction of the Fort Dodge & Fort Ridgely Railroad was voted by the electors of Humboldt township, Humboldt county, which was duly levied and collected, and plaintiff has paid the tax so levied upon his property.

II. Plaintiff insists that the power of the electors of the township to vote taxes, under the statute above cited, was exhausted by the vote of the tax of five per centum in aid of the Fort Dodge & Fort Ridgely Railroad Company; that the subsequent vote of a five per cent tax to the Cedar Rapids, Iowa Falls & Northwestern Railroad Company is without authority and void.

1. TAXES: in aid of railroads: extent of power.

The question for determination in this case may be stated in the following language: May a township, incorporated town, or city, after having voted taxes to the amount of five per centum upon its taxable property, in aid of one or more railroads, such taxes having been levied in pursuance of the

vote or votes of the electors, impose another tax upon the property of the township in aid of the construction of a railroad? We think not.

Section 3 of the statute above cited, conferring authority to vote taxes in aid of railroads, contains the following restrictions: "The aggregate amount of tax to be voted or levied under the provisions of this act in any township, incorporated town or city, shall not exceed five per centum of the assessed value of the property therein respectively."

To our minds the language of this provision is too plain to admit of doubt as to the intention of the legislature. It is explicitly declared that the "aggregate" amount of the tax voted or levied, under the provisions of this act, "shall not exceed five per centum of the assessed value of the property." The expression "aggregate amount of tax" means the sum of the taxes—the whole amount voted and levied, as made by the addition of the several taxes. The total of such aggregate amount must not exceed five per centum, "voted or levied under the provisions of this act." This language is incapable of more than one interpretation. The limitation is not to the tax voted within a specified time or under prescribed circumstances, but to taxes voted under the statute. We conclude, therefore, that the obvious meaning of the provision is that the power conferred by the act ceases upon the levy of taxes to the amount of five per centum upon the property of the township or municipality. Any other construction of the statute would be in conflict with the obvious meaning of its language. These conclusions are not to be understood as applicable to cases wherein taxes have been voted and levied and afterwards for any cause, are abandoned or cannot be collected.

III. It is said that the assessed value of the property of the township or city, may increase after the levy of the five per cent tax, and in that case the voters ought to have the power to charge themselves with an additional levy. But the power conferred is exhausted when the limit of five per centum

is reached, which is determined by the assessed value of the property at that time.. Change of values, or change of circumstances of any kind, does not confer the power of voting the tax. The power is derived from the statute, and when the limit is reached the statute does not provide that the power shall be again conferred.

IV. It is urged that in analogy to the restriction upon municipal indebtedness, which may be increased in the ratio of the increase of taxable property, it should be held that the amount of the railroad tax is to be determined by the value of the property at the time of the vote. If the rule in regard to municipal indebtedness here stated be correct, which we do not determine, it is not applicable by analogy to taxation in aid of railroads. The limit of indebtedness of counties and cities, is to be determined by the last assessment of property previous to incurring the debt. If the aggregate of prior indebtedness, and the debt proposed to be contracted do not exceed this limit, the debt about to be contracted is authorized. See Constitution, Art. IX, Sec. 3. But the statute under consideration, as we have seen, prescribed a limit to the power of taxation when taxes to the amount of five per centum have been once levied. The constitutional restriction upon municipal indebtedness is not in this form.

It is our opinion that the judge of the District Court ought to have allowed the injunction prayed for in plaintiff's petition. His decision refusing it is therefore

REVERSED.