GRAND TRUNK WESTERN RAILWAY COMPANY *v.* RAILROAD COMMISSION OF INDIANA.

ERROR TO THE APPELLATE COURT OF THE STATE OF INDIANA.

No. 138. Submitted April 19, 1911.—Decided May 15, 1911.

A legislative act by an instrumentality of the State exercising delegated authority is of the same force as if made by the legislature and is a law of the State within the meaning of the contract clause of the Constitution.

A contract cannot be impaired, within the meaning of the contract clause of the Constitution, by a law which relates to matters beyond

the scope of the contract as construed according to the usual meaning of the words used.

A contract between two railroads for maintaining the physical cost of a crossing and guarding it by good and substantial semiphores or other signals is not impaired by a subsequent act requiring an interlocking system and apportioning the expense in a different manner than provided in the contract. The contract did not embrace such a system.

THE facts, which involve the constitutionality of an order of the Railroad Commission of Indiana directing installation and use of interlocking plant at a railroad crossing and apportioning the expense of executing the order, are stated in the opinion.

*Mr. Samuel Parker* for the plaintiff in error:

Under the contract, the Monon Railway Company is obligated to protect and guard the crossing; and the fact that the means and methods of protecting and guarding railroad crossings have changed since the contract was entered into can make no difference and does not lessen or change the obligation. Neither does it make any difference that the means and method of protecting and guarding the crossing are prescribed by act of the state legislature or by the State's agent, the Railroad Commission, to which, in the given case, the power to prescribe the ways and means, is delegated.

This contention must stand or fall in accordance with the construction given to the contract by this court. The contract should be considered in view of the positions of the parties to it at the time of its execution, the occasion which gave rise to it, the designs and purposes of the parties in making it and the obvious object desired to be accomplished by it. Addison on Contracts, § 182; *Torrence* v. *Shedd*, 156 Illinois, 194; *Chicago &c. R. Co.* v. *Denver &c. R. Co.*, 143 U. S. 596; *New York &c. R. Co.* v. *Grand Rapids &c. R. Co.*, 116 Indiana, 60; *Cravens* v. *Eagle &c. Co.*, 120 Indiana, 6, 11.

The obligation to guard the crossing is to continue for all time. The parties to the contract must be presumed to have had it in mind that the sovereign power, the State, might require that other means than semaphores be used to guard the crossing. The obligation to efficiently guard the crossing, imposed and assumed by the contract, cannot be removed by the requirements of careful and skillful railroading as the same may be developed by invention or by the requirements of the State. Otherwise the words "or other signals," as used in the contract, may come to have no meaning. The fact that the interlocking device involves more than mere signals can make no difference. The intent of the parties, as disclosed by the contract, should govern. That intent was that the Air Line Company and its successors should guard the crossing. The interlocker is required because it will more effectively guard the crossing than it could be guarded by semaphores.

*Mr. E. C. Field* and *Mr. H. R. Kurrie* for defendants in error.

Mr. JUSTICE VAN DEVANTER delivered the opinion of the court.

This is a suit to secure the annulment or modification of an order of the Railroad Commission of Indiana directing the installation and use of an interlocking plant at the crossing of two railroads in that State and apportioning between them the expense of executing the order. The suit proceeds upon the theory that a contract between the owners of the roads, entered into before the enactment of the statute upon which the order rests, imposes upon the junior road all the expense of maintaining and guarding the crossing, in whatever manner may be essential to make its use safe and convenient, and that the order, by imposing a part of the expense of its execution upon

the other road, impairs the obligation of the contract, and therefore is void.

The Appellate Court of the State, having regard to the terms of the contract and to the conditions existing when it was made, twenty-five years before, held that it did not provide for or contemplate any such elaborate system of protecting and guarding the crossing as is involved in the use of an interlocking plant, and therefore that the expense entailed by the order was not within the purview of the contract. And that court, after observing that the statute invested the Commission with the authority to make a just, but not an arbitrary, apportionment of the expense and that the apportionment as made did not appear to be unjust or arbitrary, sustained the order. 40 Ind. App. 168.

Observing first, that the order is a legislative act by an instrumentality of the State exercising delegated authority (*Prentis* v. *Atlantic Coast Line Co.*, 211 U. S. 210, 226), is of the same force as if made by the legislature, and so is a law of the State within the meaning of the contract clause of the Constitution (*New Orleans Water Works Co.* v. *Louisiana Sugar Refining Co.*, 125 U. S. 18, 31; *St. Paul Gas Light Co.* v. *St. Paul*, 181 U. S. 142, 148; *Northern Pacific Ry. Co.* v. *Duluth*, 208 U. S. 583, 590), we come to consider whether it does impair the obligation of the contract. Obviously it does not, if the contract creates no obligation respecting the expense which the order entails.

The contract is set forth at length in the state court's opinion and need not be reproduced here. It declares explicity that the duty of constructing and properly maintaining the physical crossing of the two roads and bearing the expense incident thereto, shall rest with the junior road, but its only provision respecting what shall be done in the way of guarding the crossing is that "good and substantial semaphores or other signals, and . . . the requisite watchmen to take charge of and operate the same" shall be provided and maintained by that road at

its "individual expense." There is no reference to an interlocking plant, nor any general language that would include one. The words "semaphores or other signals" do not do so. An interlocking plant is so much more than a signalling device that it is quite beyond their usual meaning. That meaning has been applied to them during twenty-five years of practice under the contract, and another ought not to be substituted now.

We conclude, as did the state court, that the contract does not embrace the expense which the order entails, and therefore that the order does not, by apportioning that expense, impair the obligation of the contract.

But to avoid any misapprehension that otherwise might arise, we deem it well to observe that we do not, by what is here said, suggest or imply that the contract, if its terms were broad enough to include the expense in question, would be an obstacle to the apportionment of that expense under the state statute. See *Chicago, Burlington and Quincy R. R. Co.* v. *Nebraska,* 170 U. S. 57, 71-74; *New York & New England R. R. Co.* v. *Bristol,* 151 U. S. 556, 567.

*Affirmed.*