CUMBERLAND TELEPHONE & TELEGRAPH CO. v. CITY OF MEMPHIS et al.

(District Court, W. D. Tennessee, W. D.    September 17, 1912.)

No. 675, in Equity.

1. Constitutional Law (§ 115*)—Obligation of Contracts—Municipal Ordinance.

A city ordinance may be considered a law of the state, within the constitutional provision prohibiting the state from passing laws impairing the obligation of contracts.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 274–277, 290; Dec. Dig. § 115.*]

2. Courts (§ 102*)—Number of Justices—Injunction Proceedings—"Statute"—"Officer of Such State."

Judicial Code (Act March 3, 1911, c. 231, § 266, 36 Stat. 1162 [U. S. Comp. St. Supp. 1911, p. 236]) provides that no interlocutory injunction restraining the enforcement of any "statute" of a state, by restraining the action of any officer of such state in the enforcement of the statute, shall be issued by any Justice of the Supreme Court, or by any District Court of the United States, or any judge thereof, or by any Circuit Judge thereof acting as a District Judge, on the ground of unconstitutionality, unless the application shall be presented to a Justice of the Supreme Court of the United States, or to a Circuit or District Judge, and shall be heard and determined by three judges, of whom at

least one shall be a Justice of the Supreme Court, or a Circuit Judge, and the other two either Circuit or District Judges, and unless a majority of the three judges shall concur in granting the application, etc. *Held,* that the words "statute of a state" were used in such act in their ordinary sense as meaning a law directly passed by a state Legislature, and that the words "officer of such state" meant an officer whose authority extended throughout the state; and hence such act was not applicable to a suit by a telephone company to restrain the enforcement of a city ordinance fixing telephone rates to be charged by such company.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 351, 352; Dec. Dig. § 102.*

For other definitions, see Words and Phrases, vol. 7, pp. 6635–6638; vol. 8, p. 7804; vol. 7, pp. 6647–6648.]

In Equity. Suit by the Cumberland Telephone & Telegraph Company against the City of Memphis and others. On application for a preliminary injunction brought on for hearing under Judicial Code, § 266. Application remanded for hearing and determination before a single District Judge.

W. L. Granbery, of Nashville, Tenn., and Wright, Miles, Waring & Walker, of Memphis, Tenn., for complainant.

Chas. M. Bryan and Leo Goodman, both of Memphis, Tenn., for defendants.

Before DENISON, Circuit Judge, and McCALL and SANFORD, District Judges.

PER CURIAM. In this matter the District Judge was asked to issue a preliminary injunction to restrain the enforcement of an ordinance of the city of Memphis, fixing the rates to be charged by the complainant Telephone Company. Doubting his authority to hear this application alone, because of the requirements of section 266 of the Judicial Code, the District Judge called in another District Judge and a Circuit Judge to sit with him.

The first matter considered by the court, so constituted, must be the question of power, because, if the section does apply, a District Judge cannot hear the application alone; and, if the section does not apply, the other judges cannot participate in the hearing. The question does not seem to have been passed upon, except in one case, where it was decided, without discussion, that section 266 was not applicable. Sperry & Hutchinson Co. v. City of Tacoma (C. C.) 190 Fed. 682.

[1] We agree that this section of the Code is ambiguous, and is capable of a construction which would make it apply to the case before us. It is well settled that a city ordinance may be considered a law of the state, within the meaning of the constitutional provision that no state shall pass any law impairing the obligation of contracts. N. O. Waterworks v. Louisiana Sugar Co., 125 U. S. 18, 31, 8 Sup. Ct. 741, 31 L. Ed. 607; Iron Mt. R. R. Co. v. Memphis (C. C. A. 6), 96 Fed. 113, 126, 37 C. C. A. 410. The same considerations have led to holding that the order of a railroad commission was a "law of the state." Grand Trunk Ry. v. Indiana R.

R. Commission, 221 U. S. 400, 403, 31 Sup. Ct. 537, 55 L. Ed. 786. So, too, the mayor of Memphis, who is one of the defendants, is, for some purposes, considered to be an officer of the state (State v. Critchett, 1 Lea ['Tenn.] 272); and hence the restriction of section 266 to "injunctions against state officers" does not necessarily exclude the present case.

[2] However, considering the entire section together, and what is known as to the reasons for its enactment, the majority of the court, as now constituted, considers that this section does not govern the present case. They think that the natural meaning of "statute of a state" is a statute or law directly passed by the Legislature of the state, and the natural meaning of "any officer of such state" is an officer whose authority extends throughout the state, and is not limited to a small district; and they believe that Congress used these phrases with this natural meaning, rather than with the broader and less obvious meaning which trained lawyers might find therein. This conclusion is fortified by the requirement that notice must be given to the Governor and the Attorney General, as being real representative parties in interest. It is true that the entire state, and, through the state, the Governor and the Attorney General, are interested in the validity of every municipal ordinance; but this interest is indirect and remote, and, it is thought, probably was not in the congressional mind.

The argument of convenience is also not without force in determining the congressional intent. The cases of direct attack upon a specific act of the Legislature by seeking to enjoin the general state officers are, presumably, of great general importance, and are not so numerous that it is impracticable to have them heard by three judges. The controversies involving the constitutionality of ordinances, or rules, or by-laws of cities, villages, counties, taxing districts, and other subordinate municipalities are typically less important, and are so numerous that it would be difficult, if not impossible, to have them all heard under section 266 without disorganizing all the business of the circuit. It seems improbable that Congress intended to create a situation which would be so very difficult to meet.

It is understood, also, that the demand for the enactment of this section arose from the instances where the courts had suspended the operation of an act of the Legislature or an order of a state commission, in either case affecting the state at large; and that Congress thought it unseemly for one District Judge to set aside, in a preliminary and more or less ex parte way, the deliberate acts of the Legislature, or of a body acting for the entire state. This consideration would not apply with the same force to the more common controversies involving the conflicting claims of a subordinate municipality and of an individual or a corporation.

It is to be observed, further, that counsel on both sides have taken the view that section 266 does not apply, and, accordingly, have not given the statutory notice to the Governor or Attorney General, but have both acquiesced in submitting the application

to the District Judge alone. The question being one of power, we cannot be controlled by the views of counsel; but their action is, perhaps, indicative of the probable meaning to the members of Congress of the various phrases which are found in the statute.

These being the views of the majority of the court, the application will be heard and determined by the District Judge to whom it was originally made.