LYKINS et al. v. CHESAPEAKE & O. RY. CO.

(Circuit Court of Appeals, Sixth Circuit. December 2, 1913.)

No. 2,431.

1. COURTS (§ 101*)—SUIT TO RESTRAIN ENFORCEMENT OF STATE STATUTE—COMPOSITION OF COURT.

Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1162 [U. S. Comp. St. Supp. 1911, p. 236]) § 266, requiring the presence of three judges for the granting of an interlocutory injunction restraining the enforcement of a state statute on the ground of its unconstitutionality, does not apply to a suit to enjoin the collection of a tax levied for the benefit of a turnpike company under a special act, where the constitutionality of the act is admitted.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 344–350, 629; Dec. Dig. § 101.*]

2. TURNPIKES AND TOLL ROADS (§ 10*)—SPECIAL TAX TO AID IN CONSTRUCTION—LIMITATION OF AMOUNT.

A special tax authorized by the charter of a turnpike company to be levied annually in aid of the construction of its road, and continued until the road is built and paid for, is limited to the reasonable cost of such construction.

[Ed. Note.—For other cases, see Turnpikes and Toll Roads, Cent. Dig. §§ 22–38; Dec. Dig. § 10.*]

3. TURNPIKES AND TOLL ROADS (§ 10*)—SPECIAL TAX IN AID OF CONSTRUCTION—SUIT BY TAXPAYER.

Where the charter of a turnpike company provided for the annual levy of a tax to aid in the construction of its road, the levy to be continued until it was completed and paid for, and that all persons paying such taxes should be stockholders in the company to the amount of the taxes paid, such a taxpayer may maintain a suit to require an accounting by the company to determine whether or not the power to tax under the statute has been exhausted, and in aid of a prayer for an injunction.

[Ed. Note.—For other cases, see Turnpikes and Toll Roads, Cent. Dig. §§ 22–38; Dec. Dig. § 10.*]

4. TURNPIKES AND TOLL ROADS (§ 10*)—JURISDICTION—ADEQUATE REMEDY AT LAW.

In such case, where, under the statute, payment of the tax is enforceable by indictment, complainant's remedy at law is not adequate and equity has jurisdiction.

[Ed. Note.—For other cases, see Turnpikes and Toll Roads, Cent. Dig. §§ 22–38; Dec. Dig. § 10.*]

5. APPEAL AND ERROR (§ 954*)—REVIEW—ORDER GRANTING PRELIMINARY INJUNCTION.

The action of a trial judge in granting a preliminary injunction will not be reviewed, where, under the evidence, it was within the limits of judicial discretion.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3818–3821; Dec. Dig. § 954.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from the District Court of the United States for the Eastern District of Kentucky.

Suit in equity by the Chesapeake & Ohio Railway Company against George W. Lykins, Orville P. Pollitt, and the Vanceburg & Stouts Lane Turnpike Road Company. From an order granting a preliminary injunction, defendants appeal. Affirmed.

Allan D. Cole, of Maysville, Ky., for appellants.

Worthington, Cochran & Browning, of Maysville, Ky., for appellee.

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

WARRINGTON, Circuit Judge. This is an appeal from an interlocutory order enjoining the individual appellants, one the clerk of the county court and the other the sheriff of Lewis county, from certifying a certain tax and giving the requisite notice for its collection for the benefit of the corporate appellant, and enjoining all the appellants from attempting to collect the tax. This tax is founded on the charter of the corporate appellant (hereinafter called turnpike company). The turnpike company was incorporated by special statute enacted April 24, 1890, "for the purpose of building and operating a turnpike road" something more than seven miles in length, between named points, in Lewis county. The road was to be located as near as might be along an existing county road running parallel with the Ohio river. 2 Loc. & Priv. Acts 1889–90, p. 1385. This statute in terms created a special taxing district and imposed on each $100 worth of taxable property therein an annual tax of 50 cents, which was to commence in 1891 and continue until the road was "built and paid for." [1] By an order of the Railroad Commission of Kentucky the tax complained of was apportioned for the years 1908, 1909, 1910, and 1911, and directed to be certified to the board of valuation and assessment and to the county clerk of Lewis county "for proceedings according to law."

[1] 1. The hearing took place before a single District Judge, upon a motion of appellee for a temporary injunction and a general demurrer of appellants to the bill. It was claimed then, as it is now, that the case required the presence and action of three judges within the meaning of section 266 of the Judicial Code. The interlocutory order was entered October 29, 1912; and the claim respecting the necessity for

---

1 "Sec. 12. That in order to enable said company to build their said turnpike road as speedily as possible * * * there is hereby levied on all and every species of property * * * including therein all railway company or companies property situate within the bounds of the taxing district herein created, subject to taxation for state revenue purposes * * * the sum of fifty cents upon each one hundred dollars worth of taxable property * * *, each year, commencing with the year of one thousand eight hundred and ninety-one, and continuing until said road is built and paid for; the tax herein levied * * * shall be expended solely in the location, building and construction of the road, including therein the sums required and necessarily expended by the company in procuring rights of way and other proper expenses incurred by the company in so doing, and in building the road."

The taxing district so created embraced all property "situate within said termini and a line parallel with the Ohio river and within two miles of said river."

additional judges was denied, and we think rightly, no matter whether section 266 as it then existed or as it was amended March 4, 1913 (chapter 160, 37 Stat. 1013) be considered. The object of the enactment was to prohibit the use of the process of injunction to obstruct the enforcement of statutes, or any proceeding based on them, upon any theory of their constitutional invalidity, except through the sanction of the special tribunals there provided for. The bill does not seek to suspend or restrain the enforcement, operation, or execution of any statute of the state, upon the ground of its unconstitutionality. The only statute involved is the special charter enactment before cited; and the constitutional validity of the act, so far as it is pertinent here, is admitted by appellee. Indeed, while the Court of Appeals of the state has held that the portion of this statute relating to the selection of a person to assess the tax is void, yet it also held that in virtue of the general law "the assessor of the county should assess the property in the taxing district, and return the same as other tax lists are returned," and the decision in terms sustained the rest of the act. Bruce v. Vanceburg & Stouts Lane Turnpike Road Co. (Ky.) 35 S. W. 112, 113; Vanceburg & S. L. Turnpike R. Co. v. Maysville & B. S. R. R. Co., 117 Ky. 275, 281, 77 S. W. 1118. It is true that the proceedings enjoined are based upon an order of the State Railroad Commission, and that an order of such a commission is for some purposes regarded as a law of the state (Grand Trunk Ry. v. Indiana R. R. Comm., 221 U. S. 400, 403, 31 Sup. Ct. 537, 55 L. Ed. 786); but here again, as stated, the order is not resisted on any ground of unconstitutionality of the statute in virtue of which the order was made, nor was the interlocutory order granted upon any such theory, and so a case was not presented demanding the presence or action of three judges (Cumberland Telephone & Telegraph Co. v. City of Memphis [D. C.] 198 Fed. 955).

[2] 2. The theory of the bill and the evidence is, in the main, that the turnpike company had long before received aid through taxation, proceeds of stock subscriptions, and the construction at the expense of the county of a necessary bridge, sufficient for all purposes authorized by its charter and for completing the road; and that the turnpike company either has the funds necessary to complete the road or that they have been diverted. In truth, the evidence tends strongly to show that the turnpike company has through the sources indicated received much more money than could have been reasonably expended in building the road contemplated by its charter; and the turnpike company offered no evidence either in explanation or denial of this showing, but rested on its demurrer. Judge Evans in disposing of this feature of the case in part said:

"Now, here is a remarkable case, as it strikes me. A turnpike road company authorized to use the whole power of the state of Kentucky to assess a tax upon individual citizens and upon corporations has proceeded for some 15 or 18 years to collect the taxes due from those persons, but has never performed the object for which the statute authorized it to collect the taxation, viz., the building and completion of the turnpike road, that was supposed to be built for the benefit of that community. They have been called upon year after year to pay the tax, but they have gotten no benefit from it. The money has been kept by the turnpike road company, or somebody else. * * * This

has gone on now until they have accumulated something like $10,000 more than would be necessary, according to the testimony, to complete the turnpike road. Now, under these circumstances, should the court permit it to go on indefinitely?"

If the evidence contained in the record and upon which the learned trial judge acted is not true, the turnpike company should have met it by denial and proof, not by admission. Presumably the turnpike company either knew or had the means of ascertaining all the facts; and in the absence of explanation the facts disclosed by the other side must for the purposes of this appeal be accepted as true. In testing the effect of such evidence, it is to be observed that, although the turnpike company's corporate powers respecting the authorized road included the right of maintenance (section 1 of the act), yet its right to secure aid through taxation was expressly limited to the cost of construction (section 12). True, "construction" was to include cost of rights of way; but, as we have seen, the road was to be located as far as practicable along an existing county road. The entire turnpike road is open and traveled and is partly macadamized, but it is not suggested that anything whatever was expended for rights of way. Why then on the present showing was not the right to tax exhausted? The statute was special, and the object designed to be accomplished by it was special. It is too plain for argument that power thus bestowed and restricted cannot be exercised beyond the reasonable cost of the thing specified. If illustration of this were necessary, it might be found in Board of Education of City of Newport v. Nelson, Mayor, 109 Ky. 203, 208, 209, 58 S. W. 700, 702, where the court approved language of the Circuit Judge:

"While the school board is authorized to demand and receive from the city a sum equal to 35 cents on each $100 of taxable property, yet the right is not an arbitrary one, and must arise out of the necessities of the case. No more may be demanded than is reasonably necessary, nor must the estimate be extravagant."

It is not perceived why the principle of such a restriction is not the equivalent of an express limitation to a distinct amount, for reasonable cost is open to definite ascertainment; and plainly definite limitation cannot be exceeded. Corbett v. City of Portland, 31 Or. 407, 418, 48 Pac. 428, and citations; Cummings v. Fitch, 40 Ohio St. 56, 61; Dumphy v. Supervisors of Humboldt County, 58 Iowa, 273, 276, 12 N. W. 306; State ex rel. Dillon v. County Court, 60 W. Va. 339, 348, 349, 55 S. E. 382.

[3] 3. The bill contains a prayer for "an accounting showing the amounts of all funds, from whatever source, obtained or collected by it (the turnpike company), and of all expenditures of whatever kind made by it." The relation of the appellee to the tax under review is that of a taxpayer, and its relation to the turnpike company is that of a stockholder. The railroad passes through the taxing district. Section 15 of the act provides that all persons paying taxes during the building of the road shall be stockholders in the company to the amount of the taxes paid, and that certificates of stock shall be delivered to them from time to time "until the road is completed and paid

for." In 1908 the appellee paid to the turnpike company $10,481.21 in full of all taxes due or claimed upon the tangible property and franchise of the railroad, subject to taxation in the taxing district, for the years prior to and including 1907. We are therefore unable to see why an accounting should not be allowed and enforced. If the present effect of the evidence should thus be established, it would seem clearly to follow that the right to tax in aid of the turnpike company has been exhausted. The practical situation would be tantamount to the absence of any law at all to authorize the tax; and of course there can be no tax without a law. Auditor General v. Duluth, etc., R. Co., 116 Mich. 122, 125, 74 N. W. 505; Sebastian, Treas. of Hamilton Co., v. Ohio Candle Co., 27 Ohio St. 459, 463; Greenwood v. Gmelich, 175 Ill. 526, 531, 51 N. E. 565.

[4] 4. In these circumstances we cannot yield to the insistence that appellee has a plain and adequate remedy at law. Until an accounting is had it cannot be known finally whether the power to tax has been exhausted or not; and the statute of Kentucky imposes severe daily penalties for default in payment of such taxes as these, which are recoverable through indictment. The risk of incurring such penalties in case the suit should fail affords another ground in support of the interlocutory order. Ex parte Young, 209 U. S. 123, 148, 28 Sup. Ct. 441, 52 L. Ed. 714, 13 L. R. A. (N. S.) 932, 14 Ann. Cas. 764.

[5] It scarcely need be added that the interlocutory order was, under the evidence, well within the range of judicial discretion; and, where this appears, the rule is not to disturb the action of the trial judge. City of Shelbyville, Ky., v. Glover, 184 Fed. 234, 238, 106 C. C. A. 376 (C. C. A. 6th Cir.); Acme A. Co. v. Commercial Acetylene Co., 192 Fed. 321, 323, 112 C. C. A. 573 (C. C. A. 6th Cir.).

The other questions presented have been considered; but, in view of what has been said, they do not require discussion. We have passed by the averment and contention of appellee that the tax provision of the special act has been repealed, because the question may not arise in the further progress of the case.

The order is affirmed, with costs, and the cause remanded for further proceedings.