OKLAHOMA NATURAL GAS COMPANY *v.* RUSSELL ET AL., CONSTITUTING THE CORPORATION COMMISSION OF THE STATE OF OKLAHOMA, ET AL.

OKLAHOMA GAS & ELECTRIC COMPANY ET AL. *v.* CORPORATION COMMISSION OF THE STATE OF OKLAHOMA, ET AL.

APPEALS FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF OKLAHOMA.

Nos. 406 and 419. Argued February 20, 21, 1923.—Decided March 5, 1923.

1. In its application to cases involving orders of state administrative boards, Jud. Code § 266 was not confined, by the Amendment of March 4, 1913, to those in which the constitutionality of a statute is challenged, but applies also where the order is attacked as in itself unconstitutional. P. 292.

2. A public service company which is being actually subjected to a confiscatory limitation of its rates imposed by an order of a state board, and which has appealed to the State Supreme Court for a revision of the order, pursuant to the state law, and been denied a supersedeas, is not debarred by the fact that the appeal remains undecided from obtaining injunctive relief from the federal court. P. 292. *Prentis* v. *Atlantic Coast Line Co.*, 211 U. S. 210, distinguished.

3. Where the District Court has erroneously declined to entertain an application for a preliminary injunction, this Court as a general rule will remand the case for determination of the merits, and not decide for itself in the first instance. P. 293.

Reversed.

APPEALS from orders of the District Court denying applications for preliminary injunctions to restrain the enforcement of state orders fixing the rates of the appellant gas companies.

*Mr. David A. Richardson,* with whom *Mr. C. B. Ames, Mr. T. G. Chambers, Mr. Russell G. Lowe* and *Mr. B. A. Ames* were on the briefs, for appellant in No. 406.

*Mr. Robert M. Rainey* and *Mr. Streeter B. Flynn,* with whom *Mr. Dennis T. Flynn* and *Mr. John H. Roemer* were on the brief, for appellants in No. 419.

*Mr. Henry G. Snyder* and *Mr. E. S. Ratliff,* with whom *Mr. I. J. Underwood, Mr. F. E. Murrell* and *Mr. Cliff V. Perry* were on the briefs, for appellees.

MR. JUSTICE HOLMES delivered the opinion of the Court.

These two cases were argued separately, but they turn on the same point, were decided in a single opinion by the Court below and do not require a separate consideration here. The plaintiffs are corporations organized under the laws of Oklahoma and furnish natural gas to consumers in that State, at rates established by the Corporation Commission. They applied to the Commission for higher rates but were denied an advance. The Constitution of Oklahoma, admitted to be like that of Virginia dealt with in *Prentis* v. *Atlantic Coast Line Co.,* 211 U. S. 210, gives an appeal to the Supreme Court of the State, acting in a legislative capacity as explained in the case cited, with power to substitute a different order and to grant a supersedeas in the meantime. Appeals were taken to the Supreme Court and supersedeas was applied for but refused. The appeals are still not decided. After the plaintiffs had been denied a supersedeas by the Supreme Court, they filed these bills alleging that the present rates are confiscatory, setting up their constitutional rights and asking preliminary injunctions, and permanent injunctions unless the Supreme Court should allow adequate rates. Applications for temporary injunctions supported by evi-

dence were heard by three judges but were denied by the majority on the authority of the *Prentis Case.* Appeals were taken directly to this Court.

A doubt has been suggested whether these cases are within § 266 of the Judicial Code, Act of March 3, 1911, c. 231, 36 Stat. 1087, 1162; as amended by the Act of. March 4, 1913, c. 160, 37 Stat. 1013. The section originally forbade interlocutory injunctions restraining the action of state officers in the enforcement or execution of any statute of a State, upon the ground of its unconstitu-- tionality, without a hearing by three judges. The amendment inserted after the words " enforcement or execution of such statute " the words " or in the enforcement or execution of an order made by an administrative board or commission acting under and pursuant to the statutes of such State " but did not change the statement of the ground, which still reads " the unconstitutionality of such statute." So if the section is construed with narrow precision it may be argued that the unconstitutionality of the order is not enough. But this Court has assumed repeatedly that the section was to be taken more broadly. *Louisville & Nashville R. R. Co.* v. *Finn,* 235 U. S. 601, 604. *Phoenix Ry. Co.* v. *Geary,* 239 U. S. 277, 280, 281. *Cumberland Telephone & Telegraph Co.* v. *Louisiana Public Service Commission,* 260 U. S. 212. *Western & Atlantic R. R.* v. *Railroad Commission of Georgia, ante,* 264. The amendment seems to have been introduced to prevent any question that such orders were within the section. It was superfluous as the original statute covered them. *Louisville & Nashville R. R. Co.* v. *Garrett,* 231 U. S. 298, 301, 318. *Atlantic Coast Line R. R. Co.* v. *Goldsboro,* 232 U. S. 548, 555. *Grand Trunk Western Ry. Co.* v. *Railroad Commission of Indiana,* 221 U. S 400, 403. But it plainly was intended to enlarge not to restrict the law. We mention the matter simply to put doubts to rest.

Coming to the principal question, if the plaintiffs respectively can make out their case, as must be assumed for present purposes, they are suffering daily from confiscation under the rate to which they now are limited. They have done all that they can under the state law to get relief and cannot get it. If the Supreme Court of the State hereafter shall change the rate, even *nunc pro tunc,* the plaintiffs will have no adequate remedy for what they may have lost before the Court shall have acted. *Springfield Gas & Electric Co.* v. *Barker,* 231 Fed. 331, 335. In such a state of facts *Prentis* v. *Atlantic Coast Line Co.* has no application. See *Love* v. *Atchison, Topeka & Santa Fe Ry. Co.,* 185 Fed. 321, 324, 325. Rules of comity or convenience must give way to constitutional rights. In the case cited there was no doubt as to the jurisdiction of the Circuit Court but simply a decision that the bills should be retained to await the result of appeals if the companies saw fit to take them. 211 U. S. 232. The companies had made no effort to secure a revision and there had been no present invasion upon their rights, but only the taking of preliminary steps toward cutting them down. In such circumstances it was thought to be more reasonable and proper to await further action on the part of the State.

As in our opinion the District Court had jurisdiction and a duty to try the question whether preliminary injunctions should issue, and as that question has not yet been considered, the cases should be remanded to that Court with directions to proceed to the trial. Generally it is not desirable that we should pass upon such matters until they have been dealt with below. *Lutcher & Moore Lumber Co.* v. *Knight,* 217 U. S. 257, 267, 268. *Brown* v. *Fletcher,* 237 U. S. 583, 587, 588.

*Decrees reversed and cases remanded for further proceedings consistent with this opinion.*