## CONNECTING GAS CO. v. IMES, County Treasurer, et al.

(District Court, S. D. Ohio, E. D. February 20, 1926.)

No. 370.

1. **Courts ⧉282(1)—Injunction by public utility against collection of taxes, because of arbitrary and excessive valuation of its property, does not present a federal question (Gen. Code Ohio, §§ 614—2, 5420–5428).**

Injunction against collection of taxes assessed under Gen. Code Ohio, §§ 5420–5428, against a public utility as defined by section 614—2, on ground that tax commission arbitrarily determined valuation of its property in excess of its true value, does not present a federal question, and relief on such ground can be had only under local state law.

2. **Courts ⧉282(3)—Alleged arbitrary discrimination in valuation of property for taxation, in violation of federal Constitution, presents a federal question (Gen. Code Ohio, §§ 614—2, 5420–5428; Const. U. S. Amend. 14).**

In suit to enjoin collection of taxes assessed under Gen. Code Ohio, §§ 5420–5428, against a public utility as defined by section 614—2, claim that public utility has been fraudulently and arbitrarily discriminated against in determining value of its property, denying to it the equal protection of the laws, in violation of Const. U. S. Amend. 14, presents a federal question.

3. **Constitutional law ⧉229(3)—Public utility held denied equal protection of law when its property is assessed at true value while other property is assessed at 60 per cent. of true value (Const. U. S. Amend. 14).**

Valuation of property of a public utility at its true value for taxation and valuation of property in the same district at 60 per cent. of true valuation denies the public utility equal protection of law, in violation of Const. U. S. Amend. 14.

4. **Courts ⧉263—Federal District Court, having jurisdiction by reason of alleged violation of federal Constitution, may determine question of state law involved without disposing of federal question (Const. U. S. Amend. 14).**

If jurisdiction of federal District Court is invoked in action to enjoin collection of taxes, because of discrimination in valuing public utility's property, thereby denying it the equal protection of the laws, in violation of Const. U. S. Amend. 14, the court may determine whether tax commission arbitrarily valued its property in excess of its true value, which is a question of state law, without considering the federal question.

5. **Taxation ⧉608(2)—Rule that equity will not enjoin collection of illegally assessed tax without special grounds therefor abrogated in Ohio by statute (Gen. Code Ohio, § 12075).**

The rule that ordinarily equity will not enjoin assessment and collection of an illegal tax, without some special ground of equitable jurisdiction other than hardship and inconvenience in raising and paying the money and then suing at law to recover, is abrogated in Ohio by Gen. Code Ohio, § 12075.

**6. Taxation ⬥⟶604—Enjoining illegal levy or collection of taxes is an action in equity (Gen. Code Ohio, §§ 12075 to 12078—2).**

Action to enjoin illegal levy or collection of taxes and assessments, under Gen. Code Ohio, §§ 12075 to 12078—2, is an action in equity.

**7. Taxation ⬥⟶608(2)—Collection by county treasurer of an illegal tax may be enjoined, when levy is made by tax commission or by local authorities (Gen. Code Ohio, §§ 1465—31, 12075).**

Injunction against collection by county treasurer of an illegally levied tax under Gen. Code Ohio, § 12075, may be invoked as well when illegal levy is made by tax commission as when it is made by local tax authorities despite provisions of section 1465—31, creating tax commission and prohibiting injunction suspending or staying any order of commission or any action of auditor, treasurer, or Attorney General of state pursuant to such order.

**8. Courts ⬥⟶371(7)—Party suing to enjoin collection of illegal tax is in same position in federal as in state courts (Gen. Code Ohio, § 12075).**

Status of party suing under Gen. Code Ohio, § 12075, to enjoin collection of tax illegally levied by tax commission is same in federal as in state courts, since federal court may grant relief according to state law, if its jurisdiction is properly invoked on any federal ground.

**9. Courts ⬥⟶371(1)—Federal courts will enforce new rights created by state statute.**

Where a state statute creates a new right, the federal courts will enforce that right and grant relief, either on common-law or equity side, as nature of right may require.

**10. Courts ⬥⟶101—Injunction against collection of illegal tax under state law is not an action to restrain state officer from enforcing state statute on grounds of unconstitutionality, and may be heard by federal District Judge alone (Gen. Code Ohio, §§ 1465—31, 5420—5428, 12075; Judicial Code, § 266 [U. S. Comp. St. § 1243]).**

Action by a public utility under Gen. Code Ohio, § 12075, to enjoin treasurer from collecting a tax illegally levied under sections 5420—5428 by tax commission, created under section 1465—31, is not an action under Judicial Code, § 266 (U. S. Comp. St. § 1243), to restrain enforcement, operation, or execution of any state statute by restraining action of state officer on ground that statute was unconstitutional, and hence federal District Judge may hear injunction action without calling in other judges.

**11. Courts ⬥⟶101—Actions to restrain tax commission from making valuation or certifying same to be spread on tax duplicates would come under Judicial Code as to number of judges (Gen. Code Ohio, § 1465—31; Judicial Code, § 266 [U. S. Comp. St. § 1243]).**

Action to restrain tax commission, created by Gen. Code Ohio, § 1465—31, from making a valuation or assessment against a public utility for purpose of taxation, or from certifying same to county auditor to be spread on tax duplicates, would come under Judicial Code, § 266 (U. S. Comp. St. § 1243).

**12. Courts ⬥⟶101—Action to enjoin collection of an illegal tax is not one to restrain enforcement of tax commission's order, within meaning of Judicial Code, § 266 (U. S. Comp. St. § 1243).**

Action to enjoin collection of an illegally levied tax, after tax commission has made its order valuing and assessing plaintiff's property, and certified same to county auditor, is not one to restrain enforcement of execution of commission's order, within meaning of Judicial Code, § 266 (U. S. Comp. St. § 1243), but to restrain action by county treasurer, whose powers are not derived from commission's order, but from other provisions of state statutes.

**13. Courts ⬥⟶101—Judicial Code, requiring more than one judge to hear certain cases, does not deprive federal District Court of power to hear ordinary lawsuits between taxpayer and collecting officer (Judicial Code, § 266 [U. S. Comp. St. § 1243]).**

Judicial Code, § 266 (U. S. Comp. St. § 1243), requiring injunctions based on unconstitutionality of state statutes to be heard by several judges, is intended to apply to action enjoining operation of a legislative act or an order of state commission, and is not intended to deprive federal District Courts of their power to hear and decide ordinary lawsuits arising between taxpayer and county officer charged with duty of collecting taxes.

**14. Courts ⬥⟶303(2).**

Suit against subordinate officers of state is not suit against state.

**15. Courts ⬥⟶101—Requirement that injunction against collection of an illegal tax must be heard by three judges will impute an absurd intention to Congress (Gen. Code Ohio, §§ 1465—31, 5611, 12075; Judicial Code, § 266, amended by Act Feb. 13, 1925 [U. S. Comp. St. Supp. 1925, § 1243]).**

Construction that action under Gen. Code Ohio, § 12075, to enjoin treasurer from collecting an illegally levied tax by tax commission created under section 1465—31, must be heard by three judges under Judicial Code, § 266, as amended by Act Feb. 13, 1925 (U. S. Comp. St. Supp. 1925, § 1243), would bring every case involving an assessment, which has been ordered by tax commission under section 5611, within provisions of section 266, thereby imputing to Congress an impractical and absurd intention.

In Equity. Suit by the Connecting Gas Company against Richard P. Imes, as County Treasurer of Athens County, and others, in which the Ohio Tax Commissioner requested leave to intervene. The District Judge of the Southern District of Ohio, to whom application for injunction was made, called to sit with him in the case another District Judge and a Circuit Judge. Judges so called retire.

Eagleson & Laylin, of Columbus, Ohio, for plaintiff.

C. C. Crabbe, Atty. Gen., and Wilbur E. Benoy, Sp. Counsel, of Columbus, Ohio, for defendants.

Before DONAHUE, Circuit Judge, and HOUGH and WESTENHAVER, District Judges.

WESTENHAVER, District Judge. This action is in equity against the county treasurers of five Ohio counties, seeking to enjoin the collection of certain taxes alleged to have been illegally assessed. The plaintiff is a public utility, as defined in section 614—2, Ohio Gen. Code. The property owned by it has been appraised and valued, and taxes thereon levied and assessed, by the tax commission of Ohio in the manner provided in sections 5420 to 5428. Upon filing its bill, plaintiff made an application for a preliminary injunction. The Ohio tax commission, by the Attorney General, has appeared and asked leave to intervene and he made a party defendant.

Certain motions addressed to the bill are also tendered therewith. The District Judge, to whom application for an injunction was made, doubted his authority to hear it alone, because of the requirements of section 266, Judicial Code (Comp. St. § 1243). Thereupon he called to sit with him another District Judge and a Circuit Judge.

The first matter, to be considered by this court thus constituted, is the question of power. If section 266 applies, a District Judge cannot hear alone the application for a preliminary injunction, nor, since the amendment thereto of February 13, 1925 (Comp. St. Supp. 1925, § 1243), hear the case upon a final hearing. If, however, the section does not apply, the other judges have no right to participate in the present hearing. The question being one of power, it must be determined before we proceed to consider plaintiff's application for a preliminary injunction or the tax commission's application to intervene, or its several motions.

The question thus presented turns on the grounds on which plaintiff seeks relief, the nature of the relief sought, and the specific remedies, if any, provided by Ohio statutes to enjoin the collection of taxes illegally assessed. Plaintiff seeks relief upon two grounds: First, it is alleged that the true value in money of its taxable property does not exceed $1,083,683.32, whereas the tax commission, by failing to adopt and apply proper principles in fixing that value, has arbitrarily determined that value to be $1,484,230, and has certified this valuation to the county auditors of the five Ohio counties in which plaintiff's property is situated, and these auditors have spread that valuation upon the tax duplicate, and certified the same to the county treasurer for collection; second, that, while plaintiff's property has been valued at or in excess of its true value in money, all other real and personal property in said five counties and the several taxing districts thereof, being likewise required by law to be valued at its true value in money, has been uniformly valued at only 60 per cent. or less of its true value in money, which discrimination, it is charged, is the result of intentional and systematic, and therefore fraudulent and arbitrary, action on the part of the local taxing authorities.

[1] The first ground does not present any federal question. If plaintiff is entitled to relief upon that ground, it is so entitled only in accordance with the local law of the state of Ohio.

[2, 3] The second ground, however, does present a federal question. It is unnecessary to repeat in detail the allegations in this respect of the bill. It is sufficient to say that, if the averments are sustained by proof, a case is made of a denial to plaintiff of the equal protection of the law, in violation of the Fourteenth Amendment. In this respect the case is controlled by Taylor v. L. & N. R. R. Co. (6 C. C. A.) 88 F. 350, 31 C. C. A. 537; Cummings v. National Bank, 101 U. S. 153, 25 L. Ed. 903; Raymond v. Chicago Traction Co., 28 S. Ct. 7, 207 U. S. 41, 52 L. Ed. 78, 12 Ann. Cas. 757; Greene v. Louisville & Interurban R. R. Co., 37 S. Ct. 673, 244 U. S. 499, 61 L. Ed. 1280, Ann. Cas. 1917E, 88; L. & N. R. R. Co. v. Greene, 37 S. Ct. 683, 244 U. S. 522, 61 L. Ed. 1291, Ann. Cas. 1917E, 97; Chicago G. W. Ry. v. Kendall, 45 S. Ct. 55, 266 U. S. 94, 69 L. Ed. 183.

[4] If jurisdiction is, however, properly invoked upon the last ground, this court has jurisdiction also to hear and determine the case upon the first, without even proceeding to determine the second. Greene v. Louisville & Interurban R. R. Co., supra, 499; Chicago Great Western Ry. v. Kendall, 45 S. Ct. 55, 266 U. S. 94, 69 L. Ed. 183.

[5] The relief sought is to enjoin the collection of a tax alleged to have been illegally assessed. Ordinarily a court of equity will not enjoin the assessment and collection of an illegal tax. There must be some special ground of equitable jurisdiction, other than the hardship and inconvenience involved in raising and paying money under protest, and then suing at law to recover it. Taylor v. L. & N. R. R. Co., supra; Pittsburgh, etc., Ry. v.

Board of Public Works, 19 S. Ct. 90, 172 U. S. 32, 43 L. Ed. 354; National Bank v. Kimball, 103 U. S. 732, 26 L. Ed. 469. In Ohio this rule has been modified by statute, which confers jurisdiction to enjoin either the illegal levy or the collection of taxes illegally levied. Section 12075, G. C.; Steese v. Oviatt, 24 Ohio St. 248, 253; Stephan v. Daniels, 27 Ohio St. 527, 531, 536; Tone v. Columbus, 39 Ohio St. 302, 48 Am. Rep. 438.

[6] The special remedy provided in Ohio is found in sections 12075 to 12078—2. Section 12075 confers jurisdiction on common pleas and superior courts to enjoin the illegal levy or collection .of taxes and assessments, and also to recover them back when collected. The first is an action in equity. In actions to enjoin the illegal levy of taxes and assessments, the corporations or persons for whose use and benefit the levy is made must be made defendants, and, if the levy is to go upon the tax duplicate, the county auditor must also be joined as a defendant. If the action is merely to enjoin the collection of taxes and assessments, section 12077 provides that it may be brought against the officer alone whose duty it is to collect them. If the action is to enjoin the collection of taxes or assessments, and it is admitted that a part thereof was legally levied, then section 12078 requires the payment or tender of such sum as is admitted to be due.

[7] When these sections were enacted, the tax commission had not yet been created. Section 1465—31 of the act creating the tax commission now prohibits the issue of any injunction suspending or staying any order, determination, or direction of the commission, or any action of the auditor of state, treasurer of state, or Attorney General, required by law to be done in pursuance of such order, determination, or direction. It further provides, however, that nothing contained therein shall affect any right or defense in any action to collect any tax or penalty. It may be conceded that this new section prohibits any state court from enjoining the illegal levy of a tax when the same is made by the tax commission. It may also be conceded that this section prohibits the enjoining of the county auditor from spreading upon the tax duplicate and certifying to the county treasurer any tax illegally levied by the tax commission. No opinion need be or is expressed on this point, one way or the other. It is plain, however, that the provisions of section 12075 may still be invoked against the collection by the county treasurer of any tax illegally levied, as well when the illegal levy is made by the tax commission as

when it is made by the local taxing authorities of any county or district thereof.

[8, 9] Such would be the status of the plaintiff's action, if brought in the state court under favor of section 12075. Its status is no different in this court, since, as we have seen, this court may grant relief according to the state law, if its jurisdiction is properly invoked on any federal ground. It is settled law that, where a state statute creates a new right, the federal courts will enforce that right and grant relief, either on the common-law or equity side, as the nature of the right may require. In conformity with this principle, the federal courts have uniformly granted relief under section 12075. See Cummings v. National Bank, 101 U. S. 153, 157, 25 L. Ed. 903; Meyers v. Shields (C. C.) 61 F. 713; Grether v. Wright (6 C. C. A.) 75 F. 742, 745, 23 C. C. A. 498; Norwood v. Baker, 19 S. Ct. 187, 172 U. S. 269, 292, 43 L. Ed. 443; City Ry. Co. v. Beard (D. C.) 283 F. 313, 324, 325.

[10] The nature of plaintiff's action is characterized, and it seems to us determined, by these principles. It is in substance merely an action to enjoin the collection of a tax illegally levied. Whether plaintiff is entitled to that relief in either of the two aspects of its bill, it is now immaterial to determine. Its action may be maintained against the treasurer, who is charged with the collection of the tax. It is not in form nor in substance an action under section 266, Judicial Code, to restrain the enforcement, operation, or execution of any statute of a state, by restraining the action of any state officer on the ground that the statute is unconstitutional. This much is admitted. Is it, then, an action to enjoin the enforcement or execution of an order made by an administrative board or commission, on the ground that such order is unconstitutional in its operation and effect?

[11, 12] It may be admitted that section 266 would apply in an action brought to restrain the tax commission from making this valuation or assessment, or from certifying the same to the county auditor to be spread on the tax duplicate. Such is not the purpose of this suit. The tax commission has made its order valuing and assessing plaintiff's property. That order has been certified to the county auditor, and he has spread the assessment upon the tax duplicate. The collection of the tax thus assessed is not vested in the tax commission, but is in the county treasurer. The order of the tax commission in valuing and assessing plaintiff's property has been made, and has been fully executed.

This suit is not to restrain the enforcement or execution of that order, in the sense in which these words are used in section 266, but to restrain action by a county treasurer, whose duties and powers are derived, not from the commission's order, but from other provisions of the state statutes. This court is as competent as is a state court to grant that relief under section 12075, provided only its jurisdiction as a federal court is properly invoked because of the presence of a federal question.

These views are not inconsistent with any decision of the Supreme Court on the subject. Oklahoma Gas Co. v. Russell, 43 S. Ct. 353, 261 U. S. 290, 67 L. Ed. 659, mainly relied on to show that this is a three-judge case, is not in conflict. It was an action to enjoin the enforcement of an order of the state Corporation Commission, having power to fix rates for natural gas, on the ground that the rates fixed were so low as to be confiscatory. It was held that section 266 included orders of a state commission or board, made under a constitutional statute, but unconstitutional only in their operation and effect. It thereby settled a conflict previously existing in the decisions of the inferior federal courts, in accordance with the holding in L. & N. R. Co. v. Railroad Commission (5 C. C. A.) 208 F. 35. In Chicago Great Western Ry. Co. v. Kendall, 45 S. Ct. 55, 266 U. S. 94, 69 L. Ed. 183, the question of whether it was a three-judge case or not was not discussed in the opinion. The action, however, was one to enjoin the Executive Council of the state of Iowa from completing its work of appraising and assessing for taxation the plaintiff's railway properties within the state and certifying the valuation of the same for collection to the tax officials of the counties through which its railways ran. If this action were one to enjoin the tax commission from completing its appraisal and valuation of plaintiff's property, or from certifying that valuation to the several county auditors, the cases might be parallel. That situation might be within the spirit, if not within the letter, of section 266.

[13] The mischief at which section 266 is directed was well understood at the time of its passage. It was the tying up of the operation of an act of a state Legislature, or of an order of the state commission, in either case affecting the state at large, or the operations of a state commission, board, or officials. It was thought unseemly that one District Judge should be permitted to set aside the deliberate acts of a Legislature, or of a commission or board of that nature, acting for or in the name of a sovereign state. It was not intended to deprive District Courts of their power to hear and decide ordinary lawsuits arising between a taxpayer and a county officer charged with the duty of collecting taxes.

[14] A suit against subordinate officials of a state is never regarded as a suit against a state. See L. & N. Ry. Co. v. Greene, 37 S. Ct. 683, 244 U. S. 522, 555, 61 L. Ed. 1291, Ann. Cas. 1917E, 97. The present situation falls within the principles stated and applied in Lykins v. C. & O. Ry. Co. (6 C. C. A.) 209 F. 573, 126 C. C. A. 395; Cumberland Telephone & Telegraph Co. v. City of Memphis (D. C., three judges) 198 F. 955.

[15] The argument of convenience is also not without force in determining the intent of Congress. The amendment of February 13, 1925, to section 266, requires the final hearing to be before three judges. In the present case the plaintiff has property in five counties. In other cases of like nature, with which one member of this court has had to deal, the plaintiff had property in more than a dozen counties. The number of persons or corporations whose property is valued for tax purposes by the tax commission is almost countless. Every taxpayer has under section 5611, a right of appeal to the tax commission from the valuation of his property by county taxing officials. If the present situation is within section 266, then every case involving an assessment which has been finally ordered by the tax commission under section 5611 is within it. Obviously it is impossible for any District Court to exercise its functions, if every preliminary hearing and final hearing in such cases requires the personal presence of three judges, one of whom must be a Circuit Judge or Circuit Justice. A construction which would impute to Congress an intent so impracticable, if not so absurd, is not to be lightly adopted.

Our conclusion is that the present case is not within section 266. It is competent for the District Judge to hear and determine it in due course, without calling to his aid other judges. For this reason, the other judges who participated in the preliminary hearing, but are not District Judges of the Southern District of Ohio, will retire.