**HENRIETTA MILLS CO. v. RUTHERFORD COUNTY et al.**

District Court, W. D. North Carolina. June 13, 1928.

1. Courts ⬅101—Suit to enjoin county and sheriff collecting taxes held not one for convening of three judges (Jud. Code, § 266 [28 USCA § 380]).

Suit against county and sheriff thereof to enjoin collection of county taxes is not within Judicial Code, § 266 (28 USCA § 380), providing for hearing by specially convened court of three judges of application for interlocutory injunction restraining execution of statute of

state, "by restraining action of officer of state" in execution of such statute, or of an order of an administrative board acting under the statute, on the ground of unconstitutionality of statute.

2. Courts ⬅101—Specially convened court of three judges dissolved for want of proper case (Jud. Code, § 266 [28 USCA § 380]).

Statutory court of three judges, convened under Judicial Code, § 266 (28 USCA § 380), not having jurisdiction, because county officer, and not state officer, is sought to be enjoined, it will be dissolved, and the two judges called in will retire from the case, and the resident judge will proceed to determine alone the questions involved.

In Equity. Suit by the Henrietta Mills Company against Rutherford County and another. Statutory court dissolved. Case to be proceeded with by resident judge.

Willis Smith and W. T. Joyner, both of Raleigh, N. C., for complainant.

Clyde R. Hoey and Quinn, Hamrick & Harris, all of Shelby, N. C., for defendants.

Walter D. Siler, Asst. Atty. Gen. of North Carolina, amicus curiæ.

Before PARKER, Circuit Judge, and WEBB and HAYES, District Judges.

PARKER, Circuit Judge. [1] This suit was instituted by the Henrietta Mills Company, a North Carolina corporation, against Rutherford county, North Carolina, and W. C. Hardin, the sheriff of that county, to enjoin the collection of county taxes levied upon what was alleged to be an excessive and unfair valuation of its property, made in violation of its rights under the Fourteenth Amendment to the Constitution. Complainant asked that a court of three judges be convened, pursuant to section 266 of the Judicial Code (28 USCA § 380), to pass upon its application for an interlocutory injunction. Such a court has been convened, and the first question presented is whether the case falls within the provisions of that section. If it does not, the statutory court has no jurisdiction, and the two judges called in must retire from the case and allow the resident judge alone to determine the questions involved; for, if the case is not one within the section, he alone has jurisdiction. Connor v. Board of Commissioners of Logan County, Ohio (D. C.) 12 F.(2d) 789; Connecting Gas Co. v. Imes (D. C.) 11 F.(2d) 191.

The pertinent portion of section 266 of the Judicial Code, as amended, is as follows:

"No interlocutory injunction suspending or restraining the enforcement, operation, or execution of any statute of a state *by restraining the action of any officer of such*

*state* in the enforcement or execution of such statute, or in the enforcement or execution of an order made by an administrative board or commission acting under and pursuant to the statutes of such state, shall be issued or granted by any justice of the Supreme Court, or by any District Court of the United States, or by any judge thereof, or by any Circuit Judge acting as District Judge, upon the ground of the unconstitutionality of such statute, unless the application for the same shall be presented to a justice of the Supreme Court of the United States, or to a Circuit or District Judge, and shall be heard and determined by three judges, of whom at least one shall be a justice of the Supreme Court or a Circuit Judge, and the other two may be either Circuit or District Judges, and unless a majority of said three judges shall concur in granting such application." (Italics ours.)

To bring a case within the provisions of the foregoing section, four things must appear: (1) That an interlocutory injunction is sought; (2) that such injunction will result in suspending or restraining the enforcement, operation, or execution of a statute of a state, or the order of an administrative board or commission acting under or pursuant to statute; (3) that the ground upon which the interlocutory injunction is asked is the unconstitutionality of the statute or order; and (4) that it is sought to restrain by the interlocutory injunction the action of *an officer of the state*. In other words, to give jurisdiction to the statutory court of three judges, it must appear, not only that an interlocutory injunction is sought on the ground of the unconstitutionality of a statute or order of an administrative board, acting under or pursuant to statute, but also that its effect will be to suspend or restrain the enforcement, operation, or execution of the statute or order, by restraining the action of *an officer of the state* in its execution.

It is true, as contended by complainant, that allegation as to the unconstitutionality of an order of an administrative board, where the other elements of jurisdiction are present, will serve to confer jurisdiction in the same way as allegation as to the unconstitutionality of a statute. Oklahoma Gas Co. v. Russell, 261 U. S. 290, 43 S. Ct. 353, 67 L. Ed. 659; Southern R. Co. v. Query (D. C.) 21 F.(2d) 333, 336. But the other elements of jurisdiction must be present also, as that it is sought to restrain the action of an officer of the state; and if they are not present the statutory court of three judges has no jurisdiction. If a suit were instituted to restrain the action of an individual not an officer of the state, no one would conceive that a statutory court of three judges would have jurisdiction of the case, even though the right to the injunction might depend upon the unconstitutionality of a state statute. We think it equally clear that the court is without jurisdiction where the suit is brought to restrain a county and a county officer, and not an officer of the state. Connecting Gas Co. v. Imes, supra.

Prior to the enactment of the statute which has been incorporated in the Judicial Code as section 266, the distinction between suits against states and state officers on the one hand, and counties and county officers on the other was well recognized. Thus, although the Eleventh Amendment to the Constitution forbade the federal courts assuming jurisdiction of any suit by citizens of one state against another state, it was expressly held that this did not apply to suits against counties. Lincoln County v. Luning, 133 U. S. 529, 10 S. Ct. 363, 33 L. Ed. 766. And a suit against county officers, even though appointed by the state and acting in a public capacity, is not a suit against the state. Graham v. Folsom, 200 U. S. 248, 26 S. Ct. 245, 50 L. Ed. 464; McCreery Engineering Co. v. Massachusetts Fan Co. et al. (C. C. A. 1st) 195 F. 498. Suits against state officers as individuals were, indeed, allowed to enjoin action under statutes which were void because in conflict with the Constitution. Smyth v. Ames, 169 U. S. 466, 518, 18 S. Ct. 418, 42 L. Ed. 819; Prout v. Starr, 188 U. S. 537, 543, 23 S. Ct. 398, 47 L. Ed. 584. But the exercise of this power was the cause of considerable friction between the federal courts and the various states, and the statute of 1911, now section 266 of the Judicial Code, was enacted because it was thought unseemly that one District Judge should be permitted to set aside the deliberate acts of a Legislature, or of a commission or board, acting for or in the name of a sovereign state. But, as said in the Imes Case: "It was not intended to deprive District Courts of their power to hear and decide ordinary lawsuits arising between a taxpayer and a county officer charged with the duty of collecting taxes."

In the case at bar injunction is sought, not against action by a state officer, or by a commission or board of the state, but against action by the county and the sheriff, a county officer. The only state board involved in any way in the case was the state board of assessment, which heard the appeal of complainant from the county commissioners of Rutherford county, sitting as a board of

equalization. It has already reduced the assessment of complainant's property, and is not contemplating or alleged to be contemplating any further action, and no relief is asked against it. The case is simply one against the county and the sheriff, as collector of the county taxes; and it is perfectly clear that it does not fall within the letter or the spirit of section 266 of the Judicial Code. Ex parte Collins (decided June 4, 1928) 48 S. Ct. 585, 72 L. Ed. ——.

[2] An order will be entered, therefore, dissolving the statutory court of three judges, and the judges other than the District Judge of the Western District of North Carolina will retire from further consideration of the cause, and the judge of that district will proceed to determine alone the question involved in the application for interlocutory injunction. Connecting Gas Co. v. Imes (D. C.) 11 F.(2d) 191, 195; Connor v. Board of Com'rs of Logan County, Ohio (D. C.) 12 F. (2d) 789, 791.